**FILED**

JAN 24 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JI CHAOQUN | Case No. 18 CR 611<br><br>Violations: Title 18, United States Code, Sections 371, 951(a), 1001(a)(2), and 1343 |

JUDGE RONALD GUZMAN
MAGISTRATE JUDGE MASON

**COUNT ONE**

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this indictment:

    a. JI CHAOQUN was a citizen of the People's Republic of China.

    b. On or about August 28, 2013, JI CHAOQUN arrived in the U.S. on a visa.

    c. The Ministry of State Security ("MSS") was the intelligence and security agency for the People's Republic of China, and was responsible for counter-intelligence, foreign intelligence, and political security. The Jiangsu Province Ministry of State Security ("JSSD") was a regional foreign intelligence arm of the MSS, headquartered in Nanjing, China.

    d. Intelligence Officer A, a resident of the People's Republic of China, was the Deputy Division Director of the Sixth Bureau of the JSSD.

    e. The Military Accessions to Vital National Interest ("MAVNI") Program authorized the United States Army to recruit individuals who were not United States citizens, but were legally present in the United States. If a recruit met the MAVNI requirements, including passing a full single-scope background

investigation and the 10-week Basic Combat Training course, the recruit's application to become a U.S. citizen was expedited without first obtaining lawful permanent residence.

f. Absent a lawful exception, individuals who agreed to operate within the United States subject to the direction and control of a foreign government were required to provide prior notification to the Attorney General.

g. Companies A, B, and C were United States-based companies that offered certain services for United States-based consumers, such as the purchase of background reports on individuals. These reports would typically include information that included an individual's education and employment history.

2. Beginning no later than on or about August 28, 2013, to on or about September 25, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

JI CHAOQUN,

defendant herein, conspired with Intelligence Officer A and others known and unknown to the Grand Jury to commit an offense against the United States, namely, to knowingly act in the United States as an agent of a foreign government, namely, the People's Republic of China, without prior notification to the Attorney General of the United States as required by law, in violation of Title 18, United States Code, Section 951(a).

3. It was a part of the conspiracy that JI CHAOQUN agreed to assist Intelligence Officer A and the People's Republic of China by covertly serving as an agent of the People's Republic of China while residing in the United States.

4. It was further part of the conspiracy that in 2013 and 2014, JI CHAOQUN traveled from Chicago to Beijing, China to meet with Intelligence Officer A.

5. It was further part of the conspiracy that during JI CHAOQUN's trips to the People's Republic of China in 2013 and 2014, he met with Intelligence Officer A for the purpose of discussing and planning JI CHAOQUN's role as an agent of the People's Republic of China.

6. It was further part of the conspiracy that while in the United States, JI CHAOQUN communicated with Intelligence Officer A, including by email and text message.

7. It was further part of the conspiracy that Intelligence Officer A instructed JI CHAOQUN to obtain from Companies A, B, and C background reports of multiple individuals in order to circumvent restrictions set by Companies A, B, and C on purchases made outside of the United States.

8. It was further part of the conspiracy that while in the United States, JI CHAOQUN purchased and obtained background reports requested by Intelligence Officer A of certain naturalized United States citizens, who were born in Taiwan or China and worked in the United States at companies in the science and technology industry, including cleared United States defense contractors.

9. It was further part of the conspiracy that JI CHAOQUN emailed the background reports to Intelligence Officer A in a manner that disguised the true

3

nature of the reports and that Intelligence Officer A was the intended recipient of the email and background reports.

10. It was further part of the conspiracy that JI CHAOQUN was provided money by Intelligence Officer A as compensation and to reimburse JI CHAOQUN for expenses JI CHAOQUN incurred in obtaining the background check reports.

11. It was further part of the conspiracy that JI CHAOQUN joined the United States Army as a means to obtain United States citizenship via the MAVNI program and to gain access to sensitive and classified information for the People's Republic of China.

12. It was further part of the conspiracy that JI CHAOQUN concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

### Overt Acts

13. In furtherance of the conspiracy and to effect its objects and purposes, JI CHAOQUN committed and caused to be committed the following overt acts, among others, within the Northern District of Illinois and elsewhere:

    a. Between on or about December 9, 2013, and on or about July 6, 2014, JI CHAOQUN traveled between Chicago and Beijing, China on multiple occasions.

    b. On or about December 18, 2013, JI CHAOQUN and Intelligence Officer A met in China.

  c. On or about January 10, 2014, JI CHAOQUN and Intelligence Officer A met in China.

  d. From on or about August 25, 2015, through on or about August 31, 2015, Intelligence Officer A and JI CHAOQUN exchanged text messages in which Intelligence Officer A directed JI CHAOQUN to send Intelligence Officer A the background reports.

  e. On or about August 30, 2015, while he was in the United States, JI CHAOQUN purchased background reports from Companies A, B, and C.

  f. On or about August 30, 2015, JI CHAOQUN made the background check information available to Intelligence Officer A in an email addressed to a third party.

  g. On or about September 18, 2015, while he was in the United States, JI CHAOQUN purchased a background report from Company A.

  h. On or about September 18, 2015, JI CHAOQUN made background check information available to Intelligence Officer A in an email addressed to a third party.

All in violation of Title 18, United States Code, Section 371.

## **COUNT TWO**

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. From on or about August 28, 2013 to on or about September 25, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

JI CHAOQUN,

defendant herein, did knowingly act in the United States as an agent of a foreign government, namely the People's Republic of China, without prior notification to the Attorney General, as required by law;

In violation of Title 18, United States Code, Section 951(a).

## COUNT THREE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraphs 1(a)-(e) of Count One are incorporated here.

2. At times material to this indictment:

   a. An F-1 visa permitted a foreign national to study in the United States at university, college, or other academic institutions. Before applying for an F-1 visa, students had to first be accepted by a Student and Exchange Visitor Program ("SEVP") approved school. After the SEVP-approved school accepted a foreign national as a student, the student had to be registered in the Student and Exchange Visitor Information System ("SEVIS"). The SEVP-approved school issued the student a Form I-20 "Certificate of Eligibility for Nonimmigrant Student Status – For Academic and Language Students." After the student received the Form I-20 and registered in SEVIS, the student had to apply at a U.S. Embassy or Consulate for a student F-1 visa. The student was required to present the Form I-20 to the consular officer during the visa interview.

   b. On or about August 22, 2013, JI CHAOQUN was issued a F-1 visa, and on August 28, 2013, JI CHAOQUN arrived in the U.S. on that F-1 visa for the purpose of attending the Illinois Institute of Technology in Chicago, Illinois.

   c. The Optional Practical Training ("OPT") was temporary employment that was directly related to an F-1 visa-holder's major area of study that could be completed before and/or after completion of the studies for up to one year. An F-1 visa-holder who received a science, technology, engineering, and mathematics

7

degree could extend participation in the OPT program for up to an additional 2 years. A student had to submit a Form I-983 Training Plan for STEM OPT Students in order to apply for the STEM OPT extension.

        d.     The Standard Form 86 ("SF-86") was a security clearance application form used by the United States Government in conducting background investigations of persons under consideration for national security positions and for individuals requiring eligibility for access to classified information.

        3.     Beginning no later than on or about May 20, 2016, and continuing until on or about September 25, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

JI CHAOQUN,

defendant herein, devised and intended to devise, and participated in, a scheme to defraud the United States Army of money and property by means of materially false and fraudulent pretenses, representations, promises, and the concealment of material facts, which scheme is further described in the following paragraphs:

        4.     It was part of the scheme that on or about May 20, 2016, JI CHAOQUN signed and submitted an enlistment contract in order to join the United States Army as a means to obtain United States citizenship.

        5.     It was further part of the scheme that on or about June 6, 2016, JI CHAOQUN submitted an SF-86 as part of the background investigation to enlist in the United States Army. In Section 20B of the SF-86, defendant stated that in the past seven years he did not have any contact with a foreign government or its

representatives, inside or outside the United States, well knowing that he had communicated with Intelligence Officer A, including meeting with Intelligence Officer A in China.

6. It was further part of the scheme that in order to maintain his lawful status in the United States, which was necessary for his successful enlistment into the United States Army, to be paid by the United States Army, and to obtain United States citizenship through the MAVNI program, on or about November 28, 2016, JI CHAOQUN extended his F-1 visa via the OPT program by submitting a Form I-983 Training Plan stating that he was employed by Company D in Chicago, Illinois, when he knew he did not work for Company D.

7. It was further part of the scheme that on or about January 9, 2017, JI CHAOQUN signed and submitted a Form I-20 stating that he was employed by Company D in Chicago, Illinois, when he knew that he did not work for Company D.

8. It was further part of the scheme that starting in or around April 2017, JI CHAOQUN's began working for the United States Army Reserves and he was paid for his work.

9. It further was part of the scheme that on or about December 6, 2017, JI CHAOQUN was interviewed as part of the background investigation for his application to enlist with the United States Army, during which he stated that he was residing in the United States on an F-1 visa, and submitted in support, among other things, his January 9, 2017 Form I-20, which fraudulently listed his employment at Company D.

10. It was further part of the scheme that on or about December 6, 2017, JI CHAOQUN answered "No" to the following written question, "Have you, a relative or yours, or an associate of yours, ever been a member, supporter, or representative of any of the organizations listed below?" after which the following organization was listed: "Ministry of State Security (MSS)," when defendant knew that Individual A was a representative or supporter of the MSS.

11. It was further part of the scheme that JI CHAOQUN concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence and purpose of the scheme, and acts done in furtherance of the scheme.

12. On or about May 3, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JI CHAOQUN,

defendant herein, for the purposes of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds, namely, a communication relating to an electronic funds transfer in the amount of $417.78, which funds were transferred to Illinois, by way of a location outside Illinois, which funds represented a payment from the United States Army to JI CHAOQUN for his work with the United States Army Reserves.

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraphs 1-11 of Count Three are incorporated here.

2. On or about January 3, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JI CHAOQUN,

defendant herein, for the purposes of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds, namely, a communication relating to an electronic funds transfer in the amount of $278.52, which funds were transferred to Illinois, by way of a location outside Illinois, which funds represented a payment from the United States Army to JI CHAOQUN for his work with the United States Army Reserves.

In violation of Title 18, United States Code, Section 1343.

## **COUNT FIVE**

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraphs 1-11 of Count Three are incorporated here.

2. On or about June 1, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JI CHAOQUN,

defendant herein, for the purposes of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds, namely, a communication relating to an electronic funds transfer in the amount of $335.22, which funds were transferred to Illinois, by way of a location outside Illinois, which funds represented a payment from the United States Army to JI CHAOQUN for his work with the United States Army Reserves.

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraph 2(d) of Count Three is incorporated here.

2. At times material to this indictment:

    a. The United States Department of Army was conducting a background investigation of JI CHAOQUN as part of his desire to enlist in the United States Army, which investigation included JI CHAOQUN completing an SF-86 form.

    b. The following matter, among others, was material to that United States Department of Army's background investigation of JI CHAOQUN: whether JI CHAOQUN had any contacts with a foreign government or its representatives within the previous seven years.

3. On or about June 6, 2016, at Chicago, in the Northern District of Illinois, and elsewhere,

JI CHAOQUN,

defendant herein, did knowingly and willfully make materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Department of the Army, an agency within the executive branch of the Government of the United States, when defendant, in Section 20B of the SF-86, answered "No" to the following question: "Have you or any member of your immediate family in the past seven years had any contact with a foreign government, its establishment (such as embassy, consulate agency, military service or security service, etc.) or its representatives, whether inside or outside the U.S.?," when in fact, as defendant then knew, that answer was false;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY