IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNTS
ONE THROUGH FIVE OF THE INDICTMENT**

Defendant, **Ji Chaoqun**, by and through his attorneys, **the Law Office of Damon M. Cheronis**, pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure, the Freedom of Speech, Due Process, Double Jeopardy, and Effective Assistance of Counsel clauses of the First, Fifth, and Sixth Amendments to the Constitution of the United States, as well as other authority cited herein, respectfully moves this Court to dismiss counts one and two of the indictment.

In support of this motion, Mr. Ji, through counsel, respectfully submits the following:

1. On January 24, 2019, the grand jury returned a six count indictment charging Mr. Ji with one count of engaging in a conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, one count of failing to register as a foreign agent in violation of 18 U.S.C. § 951(a), three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Dkt. # 32.

2. More specifically, count one of the indictment, which alleged a violation of 18 U.S.C. § 371, began by stating that Mr. Ji was a citizen of the People's Republic of China who arrived in the United States on August 28, 2013 on a visa. *Id*. at p. 1. After briefly describing the nature of the

People's Republic of China's Ministry of State Security ("MSS"), Intelligence Officer A, and the United States' Army's Military Accessions to Vital National Interest ("MAVNI") program, the indictment stated that, absent a lawful exception, individuals who agreed to operate within the United States subject to the direction and control of a foreign government were required to provide prior notification to the Attorney General. *Id.* at p. 1. The indictment then, after describing Companies A, B, and C (companies which offered services such as background reports on individuals), stated that on or about September 25, 2018, Mr. Ji conspired with Intelligence Officer A, and others known and unknown to the grand jury, to commit an offense against the United States, namely, knowingly acting in the United States as an agent of the People's Republic of China, without prior notification to the Attorney General as required by law, in violation of 18 U.S.C. § 951(a). *Id.* at p. 1.

   3. Count one continued, describing the alleged conspiracy to include that in 2013 and 2014, Mr. Ji traveled from Chicago to Beijing to meet with Intelligence Officer A (*id.* at p. 3); during the trips where Mr. Ji met with Intelligence Officer A, the purpose of those meetings was to discuss and plan Mr. Ji's role as an agent of the People's Republic of China (*id.* at p. 3); Mr. Ji communicated with Intelligence Officer A by email and text message (*id.* at p. 3); Intelligence Officer A instructed Mr. Ji to obtain from Companies A, B, and C background reports of multiple individuals in order to circumvent restrictions set by Companies A, B, and C on purchases made outside of the United States (*id.* at p. 3); Mr. Ji in fact purchased and obtained background reports requested by Intelligence Officer A of certain naturalized United States citizens who were born in Taiwan or China and worked in the United States at companies in the science and technology industry, including cleared United States defense contractors (*id.* at p. 3); Mr. Ji emailed the background reports to Intelligence

Officer A in a manner that disguised the true nature of the reports and that Intelligence Officer A was the intended recipient (*id.* at pp. 3-4); Mr. Ji was provided money by Intelligence Officer A as compensation and to reimburse him for expenses incurred in obtaining the background check reports (*id.* at p. 4); Mr. Ji joined the United States Army as a means to obtain United States citizenship via the MAVNI program and to gain access to sensitive and classified information for the People's Republic of China (*id.* at p. 4); and that Mr. Ji concealed, hid and caused to be concealed, misrepresented, and hid, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy. *Id.* at p. 4.

4. The indictment next alleged specific overt acts undertaken in furtherance of the conspiracy, including that: between December 9, 2013 and July 6, 2014, Mr. Ji traveled between Chicago and Beijing on multiple occasions (*id.* at p. 4); Mr. Ji and Intelligence Officer A met in China on December 18, 2013 (*id.* at p. 4); Mr. Ji and Intelligence Officer A met in China on January 10, 2014 (*id.* at p. 5); from August 25, 2015 through August 31, 2015, Intelligence Officer A and Mr. Ji exchanged text messages in which Intelligence Officer A directed Mr. Ji to send Intelligence Officer A the background reports (*id.* at p. 5); Mr. Ji purchased the background reports from Companies A, B, and C on August 30, 2015 while in the United States (*id.* at p. 5); Mr. Ji made the background check information available to Intelligence Officer A in an email addressed to a third party on August 30, 2015 (*id.* at p. 5); Mr. Ji purchased a background report from Company A while in the United States on September 18, 2015 (*id.* at p. 5); and that Mr. Ji made the background check information available to Intelligence Officer A in an email addressed to a third party on September 18, 2015 (*id.* at p. 5).

5.      Count two of the indictment, which charged a violation of 18 U.S.C. § 951, began by reincorporating paragraph one of count one, which, as described above, generally only defined the MSS, Intelligence Officer A, the MAVNI program, and Companies A, B, and C. *Id.* at pp.1-2. It then alleged that from on or about August 28, 2013 to on or about September 25, 2018, at Chicago, in the Northern District of Illinois and elsewhere, Mr. Ji did knowingly act as an agent of a foreign government, namely the People's Republic of China, without prior notification to the Attorney General as required by law; in violation of 18 U.S.C. § 951(a). *Id.* at p. 6.

6.      Counts three through five of the indictment alleged wire fraud in violation of 18 U.S.C. § 1343. *Id.* at pp. 7-13. After reincorporating paragraph 1(a)-(e) of count one, which described Mr. Ji's arrival in the United States, the MSS, Intelligence Officer A, and the MAVNI program, count three described the process through which an individual can obtain an F-1 visa. An F-1 visa permits a foreign national to study in the United States. *Id.* at p. 7. Before applying for an F-1 visa, a student had to be accepted by a Student and Visitor Exchange Program ("SEVP") approved school. *Id.* After acceptance, the student has to register in the Student and Exchange Visitor Information System ("SEVIS"). The SEVP-approved school issues a Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status – For Academic and Language Students." After the student receives this form and is registered in SEVIS, the student had to apply at a U.S. Embassy or Consulate for a student F-1 visa. *Id.* The student was required to present the Form I-20 to the consular officer during the visa interview. *Id.* Count three alleged that Ji Chaoqun was issued an F-1 visa on August 28, 2013 and arrived in the U.S. on that visa for the purpose of attending IIT in Chicago. *Id.*

7.      The indictment continued, stating that the Optional Practical Training ("OPT") was temporary employment directly related to an F-1 visa-holder's major area of study that could be

4

completed before and/or after completion of the studies for up to one year. *Id*. An F-1 visa-holder who received a science, technology, engineering, and mathematics degree could extend participation in the OPT program for up to an additional two years. *Id*. A student had to submit a Form I-983 Training Plan for STEM OPT students in order to apply for the STEM OPT extension. *Id*. at p. 8.

8. Next, count three described that the Standard Form 86 was a security clearance application form used by the U.S. government in conducting background investigations of persons under consideration for national security positions and for individuals requiring eligibility for access to classified information. *Id*.

9. Count three then alleged that on or about May 20, 2016 and continuing until on or about September 25, 2018, Mr. Ji devised and intended to devise, and participated in, a scheme to defraud the United States Army of money and property by means of materially false and fraudulent pretenses, representations, promises, and the concealment of material facts. *Id*.

10. In describing the scheme, count three alleged that it was part of the scheme that:

- On or about May 20, 2016, Mr. Ji signed and submitted an enlistment contract in order to join the United States Army as a means to obtain United States citizenship (*id*.);

- On June 6, 2016, Mr. Ji submitted an SF-86 as part of the background investigation to enlist in the United States Army. In Section 20B of the SF-86, Mr. Ji stated that in the past seven years he did not have any contact with a foreign government or its representatives, inside or outside of the United States, while knowing that he had in fact communicated with Intelligence Officer A, including meeting with Intelligence Officer A in China (*id*. at pp. 8-9);

- In order to maintain his lawful employment status in the United States, which was necessary for Mr. Ji's successful enlistment into the United States Army, to be paid by the United States Army, and to obtain United States citizenship through the MAVNI program, on or about November 28, 2016, Mr. Ji extended his F-1 visa via the OPT program by submitting a form I-983 Training Plan stating that he was employed by Company D

5

in Chicago when he knew he did not work for Company D (*id.* at p. 9);

- On January 9, 2017, Mr. Ji signed and submitted a Form I-20 stating that he was employed by Company D in Chicago when he knew that he did not work for Company D (*id.*);

- In April 2017, Mr. Ji began working for the United States Army Reserves and he was paid for his work (*id.*);

- On December 6, 2017, Mr. Ji was interviewed as part of the background investigation for his application to enlist in the United States Army, during which he stated that he was residing in the United States on an F-1 visa, and submitted in support, among other things, his January 9, 2017 Form I-20, which fraudulently listed his employment at Company D (*id.*);

- On December 6, 2017, Mr. Ji answered "no" to the following written questions: "have you, a relative of yours, or an associate of yours, ever been a member, supporter, or representative of any of the organizations listed below?" after which the MSS was listed, when Mr. Ji knew that Individual A was a representative or supporter of the MSS (*id.* at p. 10);

- And that Mr. Ji concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence and purpose of the scheme, and acts done in furtherance of the scheme. *Id.*

11. Count three then alleged the execution of a wire communication in the form of an electronic funds transfer of $417.78 on May 3, 2017, for Mr. Ji's work with the United States Army; the foregoing in violation of 18 U.S.C. § 1343. *Id.* at p. 11.

12. Count four alleged a separate wire fraud execution of a January 3, 2018 electronic funds transfer of $278.52 that also represented payment for Mr. Ji's work with the United States Army. *Id.* at p. 12.

13. Count five alleged a separate wire fraud execution of a June 1, 2018 electronic funds transfer of $335.22 that also represented payment for Mr. Ji's work with the United States Army. *Id.* at p. 13.

14. Finally, count six charged a violation of 18 U.S.C. § 1001(a)(2). *Id.* at p. 15. The legal

sufficiency of this count is not contested in this motion.

15. Mr. Ji, through counsel, respectfully moves to dismiss counts one through five of the indictment on the following grounds: (1) count one (18 U.S.C. § 371) is legally deficient because it fails to state an offense; (2) counts one (18 U.S.C. § 371) and two (18 U.S.C. § 951) are multiplicitous; (3) counts one (18 U.S.C. § 371) and two (18 U.S.C. § 951) must be dismissed because 18 U.S.C. § 951 is unconstitutionally overbroad; (4) counts one (18 U.S.C. § 371) and two (18 U.S.C. § 951) must be dismissed because 18 U.S.C. § 951 is unconstitutionally vague as applied to Mr. Ji; (5) counts one (18 U.S.C. § 371) and two (18 U.S.C. § 951) fail to adequately inform Mr. Ji of the nature and cause of the accusation; and (6) counts three through five (18 U.S.C. § 1343) are legally deficient because they fail to state an offense.

16. In support of this motion, accompanying memorandums of law for these respective issues have been filed contemporaneously herewith.

                                                Respectfully submitted,

                                                /s/ Damon M. Cheronis
                                                **Damon M. Cheronis**

                                                /s/ Ryan J. Levitt
                                                **Ryan J. Levitt,**
                                                Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on December 6, 2019, I electronically filed the foregoing **of Defendant's Motion to Dismiss Counts One through Five of the Indictment** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Law Office of Damon M. Cheronis
140 S. Dearborn Street Suite 411
Chicago, Illinois 60603
(312) 663-4644
damon@cheronislaw.com
