IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS COUNT ONE FOR FAILURE TO STATE AN OFFENSE;
AND ON MULTIPLICITY GROUNDS

# TABLE OF CONTENTS

I.  Background ................................................................................................................... 1

II. Argument ................................................................................................................... 1-9

    A. Count One (18 U.S.C. § 371) is Legally Deficient
       Because it Fails to State an Offense ........................................................... 1-6

       i.  Legal Standard ................................................................................... 1-2

       ii. Conspiracy Law Generally ............................................................... 2-5

       iii. Discussion ........................................................................................ 5-6

    B. Count One (18 U.S.C. § 371) is Legally Deficient
       Because it is Multiplicitous ......................................................................... 6-9

       i.  Legal Standard ................................................................................... 6-8

       ii. Discussion .......................................................................................... 8-9

III. Conclusion ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Albernaz v. United States*, 450 U.S. 333 (1980)..................................................................6

*Ball v. United States*, 470 U.S. 856 (1985)........................................................................8

*Blockburger v. United States*, 284 U.S. 299 (1932)............................................................7

*Brown v. Ohio*, 432 U.S. 161 (1977).................................................................................7

*Callanan v. United States*, 364 U.S. 587 (1961)................................................................3

*Iannelli v. United States*, 420 U.S. 770 (1975) .................................................................4

*Illinois v. Vitale*, 447 U.S. 410 (1980)...............................................................................7

*Monge v. California*, 524 U.S. 721 (1998).........................................................................6

*Pinkerton v. United States*, 328 U.S. 640 (1940)...............................................................4

*Russell v. United States*, 369 U.S. 749 (1962)...................................................................2

*State v. Clemenson*, 123 Iowa 524 (1904).........................................................................4

*United States v. Adkinson*, 135 F.3d 1363 (11th Cir. 1998) ...............................................2

*United States v. Ajayi*, 808 F.3d 1113 (7th Cir. 2015).......................................................7

*United States v. Allender*, 62 F.3d 909 (7th Cir. 1995) .....................................................6

*United States v. Braverman*, 317 U.S. 49 (1953)...............................................................2

*United States v. Broce*, 488 U.S. 563 (1989).................................................................2-3

*United States v. Brown*, 726 F.3d 993 (7th Cir. 2013).......................................................3

*United States v. Campa*, 529 F.3d 980 (11th Cir. 2008) ....................................................8

*United States v. Coachman*, 727 F.2d 1293 (D.C. Cir. 1984)............................................7

*United States v. Coia*, 719 F.2d 1120 (11th Cir. 1983) .....................................................2

*United States v. Colon*, 549 F.3d 565 (7th Cir. 2008)..................................................................5

*United States v. Cooper*, 886 F.3d 146 (D.C. Cir. 2018)................................................................6

*United States v. Dixon*, 509 U.S. 688 (1993).................................................................................7

*United States v. Dumeisi*, 424 F.3d 566 (7th Cir. 2005) ...............................................................8

*United States v. Hamilton*, 26 F.Cas. 259 (C.C.D. Mass. 1825) ...................................................3

*United States v. Hedaithy*, 392 F.3d 580 (3rd Cir. 2004)..............................................................2

*United States v. Hunter*, 478 F.2d 1019 (7th Cir. 1973)................................................................4

*United States v. Johnson*, 592 F.3d 749, 754 (7th Cir. 2010).......................................................5

*United States v. Lechuga*, 994 F.3d 346 (7th Cir. 1993) ........................................................ 4, 5

*United States v. Mahdi*, 598 F.3d 883 (D.C. Cir. 2010)................................................................6

*United States v. Pupo*, 841 F.2d 1235 (4th Cir. 1989)...................................................................2

*United States v. Resendiz-Ponce*, 549 U.S. 102 (2007).................................................................2

*United States v. Starks*, 472 F.3d 466 (7th Cir. 2006)..................................................................6

*United States v. Turner*, 13 CR 572 (N.D. Ill. 2014).......................................................... 5, 8, 9

*United States v. Wylie*, 919 F.2d 969 (5th Cir. 1990)....................................................................2

*Ward v. United States*, 694 F.2d 654 (11th Cir. 1983)................................................................6-7

**Statutes**

Act of March 2, 1863, ch. 67, §§ 1 & 3, 12 Stat. 696, 698 (1863)..................................................4

Act of March 2, 1867, ch. 169, § 30, 14 Stat. 484 (1867)...............................................................3

Act of March 3, 1825, ch. 65, § 23, 4 Stat. 122 (1825)...................................................................3

Act of April 20, 1871, ch. 22, § 2, 17 Stat. 13, 14 (1871)...............................................................4

Act of April 30, 1970, ch. IX, § 12, 1 Stat. 114 (1790) ..................................................................3

Act of July 2, 1890, ch. 647, §§ 1-3, 26 Stat. 209 (1890) ....................................................4

Act of July 31, 1861, ch. 33 12 Stat. 284 (1861)..............................................................3-4

18 U.S.C. § 371 ..............................................................................................................passim

18 U.S.C. § 951 ..............................................................................................................passim

18 U.S.C. § 1001 ......................................................................................................................1

18 U.S.C. § 1343 ......................................................................................................................1

21 U.S.C. § 801 *et seq.* ....................................................................................................... 4, 5

**Rules**

Fed. R. Crim. P. 7 ....................................................................................................................2

Fed. R. Crim. P. 12 ..................................................................................................................2

**Other Authority**

IV Blackstone, Commentaries on the Laws of England 136 (1979).................................3

Sayre, Francis B., Criminal Conspiracy, 35 Harvard L. R. 393 (1922)..............................3

Seventh Circuit Committee Instruction No. 5.08(A) (2012) ..............................................8

U.S. Const. amend. V..............................................................................................................6

U.S. Const. amend. VI ........................................................................................................1-2

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS COUNT ONE FOR FAILURE TO STATE AN OFFENSE;
AND ON MULTIPLICITY GROUNDS

Defendant, **Ji Chaoqun**, by and through his attorneys, **the Law Office of Damon M. Cheronis**, pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure, the Due Process, Double Jeopardy, and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as other authority cited herein, respectfully submits this Memorandum of Law in support of his motion to dismiss count one of the indictment for failure to state an offense; or alternatively, impermissibly charging a multiplicitous offense.

I. Background

On January 24, 2019, the grand jury returned a six count indictment charging Mr. Ji with one count of engaging in a conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, one count of failing to register as a foreign agent in violation of 18 U.S.C. § 951(a), three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Dkt. # 32. Through this memorandum and accompanying motion, Mr. Ji, through counsel, respectfully requests that the Court dismiss count one of the indictment, which charges a violation of 18 U.S.C. § 371, because it fails to state an offense; or alternatively, impermissibly charges a multiplicitous offense.

II. Argument

A. Count One (18 U.S.C. § 371) is Legally Deficient Because it Fails to State an Offense.

i. Legal Standard

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the

1

accusation." Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment must set forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 12(b)(3)(B) provides that motions regarding defects in the indictment must be filed prior to trial, including motions for failure to state an offense. Rule12(b)(1) also provides that any "defense, objection, or request that the court can determine without a trial on the merits may be raised through pretrial motion." If a dispositive motion can be decided from the face of the evidence without consideration of the evidence to be introduced at trial, then the trial court must decide the issue before trial. *United States v. Adkinson*, 135 F.3d 1363, 1369 (11th Cir. 1998).

Case law too has held as much. *See, e.g., United States v. Wylie*, 919 F.2d 969, 972 (5th Cir. 1990) (holding that where an indictment fails to allege an element, it fails to state an offense); *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1989) (same); *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983) ("[i]t is perfectly proper, and in fact mandated, that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense"). Further, an indictment fails to state an offense if the specific facts alleged in the indictment fall beyond the scope of the relevant criminal statute. *United States v. Hedaithy*, 392 F.3d 580, 587 (3rd Cir. 2004). As a practical matter, the indictment must provide the defendant with enough information so that he or she may prepare a defense, and it must be specific enough to enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *see also Russell v. United States*, 369 U.S. 749, 763 (1962).

### ii. Conspiracy Law Generally

The "gist" of the crime of conspiracy "is the agreement." *United States v. Braverman*, 317 U.S. 49, 53 (1953). In fact, "[i]n a conspiracy charge, the term 'agreement' is all but synonymous with the

conspiracy itself, and as such has great operative force." *United States v. Broce*, 488 U.S. 563, 570 (1989). And as the Seventh Circuit has recently described, "[a]bove and beyond the substantive offense, a conspiracy is "the extra act of agreeing to commit a crime." *United States v. Brown*, 726 F.3d 993, 997 (7th Cir. 2013).

The concept of the crime of conspiracy was not always defined in such a manner, as conspiracy law has gone through significant changes over past few centuries. In pre-colonial and colonial England, while not unheard of, conspiracy law bore little resemblance to what it would later develop into across the Atlantic. *See, e.g.,* Sayre, Francis B., Criminal Conspiracy, 35 Harvard L. R. 393 (1922). A faint shadow of itself, conspiracies were in essence relegated to a form of malicious prosecution, subjecting defendants to civil penalties and punishment as a misdemeanor. *See* IV Blackstone, Commentaries on the Laws of England 136 (1979); *Callanan v. United States*, 364 U.S. 587, 588 (1961) (internal citations omitted). In colonial America, conspiracy offenses remained few and far between. *See, e.g.,* Act of April 30, 1970, ch. IX, § 12, 1 Stat. 114 (1790) (proscribing the confining of the master of a ship or endeavoring revolt on board); *United States v. Hamilton*, 26 F.Cas. 259, 260 (C.C.D. Mass. 1825) (widening the former to include confining the prerogatives of the master of the ship to navigate, maintain, or police his ship); Act of March 3, 1825, ch. 65, § 23, 4 Stat. 122 (1825) (making it a crime of conspiracy "to cast away, burn, or otherwise destroy, ship or vessel . . . with intent to injure any person . . . that hath underwritten . . . any policy of insurance thereon"). It was not until the Civil War period that conspiracy law began to substantially broaden, as Congress passed a number of sweeping criminal provisions, including the largely unchanged conspiracy to violate federal law or defraud the United States, which has since been codified as 18 U.S.C. § 371. *See* Act of March 2, 1867, ch. 169, § 30, 14 Stat. 484 (1867); Act of July 31, 1861, ch.

33 12 Stat. 284 (1861) (as amended 18 U.S.C. § 2384) (seditious conspiracy); Act of March 2, 1863, ch. 67, §§ 1 & 3, 12 Stat. 696, 698 (1863) (as amended 18 U.S.C. § 286) (false claims). Over the following decades, conspiracy law continued to expand further through the passage of topically focused proscriptions. *See, e.g.,* Act of April 20, 1871, ch. 22, § 2, 17 Stat. 13, 14 (1871) (as amended 18 U.S.C. § 241) (conspiracy against rights), Act of July 2, 1890, ch. 647, §§ 1-3, 26 Stat. 209 (1890) (as amended 15 U.S.C. §§ 1-3) (Sherman Act anti-trust provisions).

One constant throughout the development of conspiracy jurisprudence, however, is the notion that separate offenses for the conspiratorial agreement and the substantive offense do not lie where "the agreement of two persons is necessary for the completion of the substantive crime." *Pinkerton v. United States*, 328 U.S. 640 (1940). As such, the common law has always recognized that offenses "characterized by the general congruence of the agreement and the completed substantive offense," classic examples including "adultery, incest, bigamy, [and] dueling," are not punishable as both a conspiracy and as a substantive offense. *Iannelli v. United States*, 420 U.S. 770, 782 (1975). This exception is referred to as "Wharton's Rule." *Cf. United States v. Hunter*, 478 F.2d 1019, 1025 (7th Cir. 1973) (citing *State v. Clemenson*, 123 Iowa 524 (1904)).

Today, questions regarding the modern limitations of charging both conspiracies and substantive offenses most often arise in the context of Controlled Substances Act Offenses, 21 U.S.C. § 801 *et seq.* The Seventh Circuit has discussed those limitations extensively in recent years. Most notably, in *United States v. Lechuga*, 994 F.3d 346, 349 (7th Cir. 1993), Judge Posner observed:

> A conspiracy is not merely an agreement. It is an agreement with a particular kind of object-an agreement to commit a crime. When the sale of some commodity, such as illegal drugs, is the substantive crime, the sale agreement itself cannot be the conspiracy, for it has no separate criminal object. What is required for conspiracy in such a case is an agreement to commit some other crime beyond the crime constituted by the agreement itself.

In that context, then, a routine buyer-seller relationship, without more, does not equate to a conspiracy. *United States v. Johnson*, 592 F.3d 749, 754 (7th Cir. 2010); *United States v. Colon*, 549 F.3d 565, 567 (7th Cir. 2008). Put differently, to support a conspiracy conviction, "there must be sufficient evidence of an agreement to commit a crime other than the crime that consists of the sale itself." *Johnson*, 592 F.3d at 754 (quoting *Lechuga*, 994 F.3d at 347) (internal quotations omitted). Nor is the sale of a large quantity of narcotics, beyond that suitable for personal consumption, sufficient alone to establish a conspiracy. *Lechuga*, 994 F.3d at 347.

### iii. Discussion

18 U.S.C. § 951 requires the government to prove that the defendant: (1) acted; (2) as an agent of a foreign government; (3) that he did so knowingly; and (4) that he so acted in the Northern District of Illinois during the time period alleged in the indictment. *See United States v. Turner*, 13 CR 572 (N.D. Ill. 2014) (Bucklo, J.) (Dkt. # 211); 18 U.S.C. § 951(a). The statute further defines "agent of a foreign government" as an individual "who *agrees* to operate within the United States subject to the *direction or control of a foreign government official*," subject to enumerated exceptions. 18 U.S.C. § 951(d) (emphasis added).

It follows then that one cannot criminally operate as an unregistered foreign agent without first agreeing to do so with a foreign official or foreign government; that is, much like a substantive 21 U.S.C. § 841 distribution offense or classic Wharton's Rule offense, a violation of § 951 not only *presupposes* an illicit agreement, but *requires* proof of one. Here, count one describes a conspiracy with some level of specificity—and yet it fails to allege any agreement or any facts evincing an agreement aside from those involving Mr. Ji and Intelligence Officer A—that which is already subsumed within and contemplated by the substantive offense. Thus, the government has failed to allege a conspiracy

5

to violate § 951; rather, it has alleged only the substantive offense framed as a violation of § 371. Count one therefore fails to state an offense, or put another way, it pleads an absolute defense to the allegations. As such, dismissal of count one is required.

    **B. Count One (18 U.S.C. § 371) and Count Two (18 U.S.C. § 951) are Multiplicitous.**

    **i. Legal Standard**

The Double Jeopardy Clause of the Fifth Amendment provides, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. Referred to as multiplicity, the Double Jeopardy Clause is implicated where the government charges "a single offense in separate counts of an indictment." *United States v. Starks*, 472 F.3d 466, 468-69 (7th Cir. 2006) (quoting *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995)). Moreover, the Double Jeopardy Clause of the Fifth Amendment has been interpreted to prohibit both "successive prosecutions for the same offense" and the imposition of "multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998). And although "[i]t is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause" of the Fifth Amendment, *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1980), a multiplicitous indictment is structurally flawed because it "exposes a defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." *Starks*, 472 F.3d at 469. Similarly, convictions for separate statutory charges based on the same conduct violate that clause's protection "against multiple punishments" when those convictions are "for the same offense." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010) (internal quotations omitted), *cert. denied*, 562 U.S. 971 (2010); *see also United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018); *Ward v. United States*, 694 F.2d 654, 660-

61 (11th Cir. 1983).

Ordinarily where the same act or transaction is charged in two distinct statutory provisions the test to determine whether there are two offenses or one "is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015) ("[t]o determine whether a given indictment contains multiplicitous counts, we look to the applicable criminal statute to see what the allowable 'unit' of prosecution is—the minimum amount of activity for which criminal liability attaches") (internal citations and quotations omitted). More recently, the Supreme Court has described the *Blockburger* elements tests as inquiring "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecutions." *United States v. Dixon*, 509 U.S. 688, 696 (1993).

Along those lines, the government cannot charge a defendant with both a greater offense and a lesser offense: "prosecution for a greater offense . . . bars prosecution for a lesser offense." *Id.*; *see also Brown v. Ohio*, 432 U.S. 161, 168 (1977) (where "the lesser offense requires no proof beyond that which is required for conviction of the greater [offense] . . . . [t]he greater offense is therefore, by definition, the 'same' for purposes of double jeopardy as any lesser offense").

Furthermore, the *Blockburger* test "calls for comparison of the statutorily-prescribed elements of the offenses, not the constituent facts either as alleged or proven." *United States v. Coachman*, 727 F.2d 1293, 1301 (D.C. Cir. 1984); *see also Illinois v. Vitale*, 447 U.S. 410, 416 (1980) ("the Blockburger test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial"). In the final analysis, if proof of one of the two offenses "necessarily includes proof of" the other, the indictment is impermissibly

7

multiplicitous. *See Ball v. United States*, 470 U.S. 856, 862 (1985).

### ii. Discussion

For largely the same reasons that count one (18 U.S.C. § 371) fails to state an offense, counts one and two (18 U.S.C. § 951) are multiplicitous. To sustain a § 371 charge the government is required to prove the following elements: (1) the conspiracy as charged existed; (2) the defendant knowingly became a member of the conspiracy with the intent to advance the conspiracy; and (3) one of the conspirators committed an overt act in furtherance of the conspiracy. Seventh Circuit Committee Instruction No. 5.08(A) (2012). And as previously recounted, to sustain a § 951 charge the government is required to prove the following elements: the defendant (1) acted; (2) as an agent of a foreign government; (3) that he did so knowingly; and (4) that he so acted in the Northern District of Illinois during the time period alleged in the indictment. *Turner*, 13 CR 572 at Dkt. # 211; 18 U.S.C. § 951(a).

The proof of both charges requires evidence first that Mr. Ji committed an act as a foreign agent *i.e.* at the direction or control of a foreign official of foreign government. The *actus reas* of the § 951 charge requires the same proof as required to prove his knowing membership in the § 371 conspiracy coupled with, of course, the overt act carried out in furtherance of it. The *mens rea* elements similarly merge as, although § 951 has been held to be a general intent crime requiring proof only that the defendant knew "he had not notified the Attorney General before acting in the United States as a foreign agent," § 951(d) defines "agent of a foreign government" as one who has *agreed* to act "at the direction or control" of a foreign government or official. *See United States v. Campa*, 529 F.3d 980, 999 (11th Cir. 2008); *United States v. Dumeisi*, 424 F.3d 566, 581 (7th Cir. 2005) ("[k]nowledge of the requirement to register is not an element of § 951"); *Turner*, 2014 WL

8

4699708 (N.D. Ill. 2014). Thus, although § 951 appears at first glance to contain proof of a lesser mental state, when the definition of "foreign agent" is read in conjunction with the statute's embedded mental state, it becomes indistinguishable from knowing participation in a conspiracy— and all the more so with respect to the necessary proof of the given elements. And to the extent § 951 requires further proof that the defendant acted as a foreign agent *within the United States* without prior notification to the Attorney General, that element is also naturally subsumed within count one, as no § 371 violation would lie in a conspiracy to violate § 951 but for proof of action within the United States. Thus, as the government has charged the "same offense" in count one as a violation of § 371 and count two as a violation of § 951, count one must be dismissed as unconstitutionally multiplicitous.

### III.   Conclusion

For the reasons discussed herein, Mr. Ji, through counsel, respectfully requests that the Court dismiss count one of the indictment.

                                        Respectfully submitted,

                                        /s/ Damon M. Cheronis
                                        **Damon M. Cheronis**

                                        /s/ Ryan J. Levitt
                                        **Ryan J. Levitt,**
                                        Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on December 6, 2019, I electronically filed the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss Count One of the Indictment For Failure to State an Offense and on Multiplicity Grounds** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Law Office of Damon M. Cheronis
140 S. Dearborn Street Suite 411
Chicago, Illinois 60603
(312) 663-4644
damon@cheronislaw.com

11