IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS COUNTS THREE THROUGH FIVE OF THE INDICTMENT
<u>FOR FAILURE TO STATE AN OFFENSE</u>**

# TABLE OF CONTENTS

I. Background ........................................................................................................................ 1

II. Argument ..................................................................................................................... 1-7

      A. Counts Three Through Five (18 U.S.C. § 1343) are
         Legally Deficient Because They Fail to State an Offense. ............................... 1-7

         i. Legal Standard............................................................................................. 1-2

         ii. The Indictment Fails to Allege a Scheme to Defraud ............................... 2-4

         iii. The Indictment Fails to Allege Money or Property
            as the Object of a Fraud Scheme .............................................................. 4-7

III. Conclusion ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Cleveland v. United States*, 531 U.S. 12 (2000) ............................................................... 4, 5

*Corcoran v. American Plan Corp.*, 886 F.2d 16 (2d Cir. 1989) ................................................ 5

*Hammerschmidt v. United States*, 265 U.S. 182 (1924) ........................................................ 4

*McNally v. United States*, 483 U.S. 350 (1987) .................................................................... 4

*Rewis v. United States*, 401 U.S. 808 (1971) ........................................................................ 7

*Russell v. United States*, 369 U.S. 749 (1962) ...................................................................... 2

*United States v. Adkinson*, 135 F.3d 1363 (11th Cir. 1998) .................................................. 2

*United States v. Azad*, 809 F.2d 291 (6th Cir. 1986) ............................................................ 3

*United States v. Chacko*, 140 (2d Cir. 1999) ........................................................................ 3

*United States v. Coia*, 719 F.2d 1120 (11th Cir. 1983) ......................................................... 2

*United States v. Doherty*, 969 F.2d 425 (7th Cir. 1992) ....................................................... 3

*United States v. Hedaithy*, 392 F.3d 580 (3rd Cir. 2004) ..................................................... 2

*United States v. Leahy*, 464 F.3d 773 (7th Cir. 2006) .......................................................... 5

*United States v. Pupo*, 841 F.2d 1235 (4th Cir. 1989) .......................................................... 2

*United States v. Resendiz-Ponce*, 549 U.S. 102 (2007) ....................................................... 2

*United States v. Sachakov*, 812 F. Supp. 2d 198 (E.D.N.Y. 2011) ....................................... 3

*United States v. Sorich*, 523 F.3d 702 (7th Cir. 2008) ......................................................... 5

*United States v. Wylie*, 919 F.2d 969 (5th Cir. 1990) ........................................................... 2

**Statutes**

18 U.S.C. § 371 ...................................................................................................................... 1

18 U.S.C. § 951 ...........................................................................................................1

18 U.S.C. § 1001 ..................................................................................................... 1, 3

18 U.S.C. § 1343 ................................................................................................passim

18 U.S.C. § 1346 ........................................................................................................4

**Rules**

Fed. R. Crim. P. 7 .................................................................................................. 2, 7

Fed. R. Crim. P. 12 ....................................................................................................2

**Other Authority**

U.S. Const. amend. VI ............................................................................................1-2

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNTS THREE THROUGH FIVE OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE

Defendant, **Ji Chaoqun**, by and through his attorneys, **the Law Office of Damon M. Cheronis**, pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure, the Due Process, Double Jeopardy, and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as other authority cited herein, respectfully submits this Memorandum of Law in support of his motion to dismiss counts three through five of the indictment for failure to state an offense.

## I. Background

On January 24, 2019, the grand jury returned a six count indictment charging Mr. Ji with one count of engaging in a conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, one count of failing to register as a foreign agent in violation of 18 U.S.C. § 951(a), three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Dkt. # 32. Through this memorandum and accompanying motion, Mr. Ji, through counsel, respectfully requests that the Court dismiss counts three through five, which charge Mr. Ji with committing wire fraud in violation of 18 U.S.C. § 1343, because they fail to state an offense.

## II. Argument

### A. Counts Three Through Five (18 U.S.C. § 1343) are Legally Deficient Because They Fail to State an Offense.

#### i. Legal Standard

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the

accusation." Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment must set forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 12(b)(3)(B) provides that motions regarding defects in the indictment must be filed prior to trial, including motions for failure to state an offense. Rule12(b)(1) also provides that any "defense, objection, or request that the court can determine without a trial on the merits may be raised through pretrial motion." If a dispositive motion can be decided from the face of the evidence without consideration of the evidence to be introduced at trial, then the trial court must decide the issue before trial. *United States v. Adkinson*, 135 F.3d 1363, 1369 (11th Cir. 1998).

Case law too has held as much. *See, e.g., United States v. Wylie*, 919 F.2d 969, 972 (5th Cir. 1990) (holding that where an indictment fails to allege an element, it fails to state an offense); *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1989) (same); *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983) ("[i]t is perfectly proper, and in fact mandated, that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense"). Further, an indictment fails to state an offense if the specific facts alleged in the indictment fall beyond the scope of the relevant criminal statute. *United States v. Hedaithy*, 392 F.3d 580, 587 (3rd Cir. 2004). As a practical matter, the indictment must provide the defendant with enough information so that he or she may prepare a defense, and it must be specific enough to enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *see also Russell v. United States*, 369 U.S. 749, 763 (1962).

### ii.  The Indictment Fails to Allege a Scheme to Defraud.

While constituting an indisputably creative manner of charging, the fraud counts, when stripped of their window dressing, amount to nothing other than independent, false statements—

not a scheme, not a fraud, and not an allegation capable of doubling Mr. Ji's otherwise applicable statutory maximum term of incarceration.

18 U.S.C. § 1343, the federal wire fraud statute, criminalizes:

> devis[ing] or intending to devise any scheme or artifice to defraud, *or for obtaining money or property* by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. (emphasis added).

"The plain meaning of 'scheme' is a 'design or plan formed to accomplish some purpose.'" *United States v. Doherty*, 969 F.2d 425, 429 (7th Cir. 1992) (internal citations omitted). "There is a fundamental difference between a scheme to defraud and a false statement made to influence the action of a federally insured institution." *United States v. Chacko*, 140, 146 (2d Cir. 1999). A simple false statement does not constitute a scheme—"a false statement is at the foundation of a violation of [e.g.] 18 U.S.C. § 1001; while the scheme to defraud and the use of the mails are essential for conviction under the mail fraud statute." *United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986). Indeed, "[a] defendant can make an isolated false statement without participating in a scheme to defraud," just as "a defendant can attempt to execute a scheme to defraud without consummating that scheme by making false statements." *United States v. Sachakov*, 812 F. Supp. 2d 198, 209 (E.D.N.Y. 2011) (Weinstein, J.).

Aside from the illogical allegation that maintaining lawful status in the United States was part of the fraud scheme (*see* Dkt. # 32, p. 9 ¶ 6), the scheme was comprised of the following alleged actions:

- Mr. Ji signing an enlistment contract (*id.* at p. 8 ¶ 4);
- Mr. Ji making a false statement on a SF-86, a form pertinent to the U.S. Army's background investigation (*id.* at ¶ 5);

3

- Mr. Ji in fact working for the United States Army Reserves (*id.* at p. 9 ¶ 7); and
- Mr. Ji making additional false statements during an interview in connection with the background investigation (*id.* at pp. 9-10).

Suffice to say, looking at the alleged scheme in plain terms, it becomes readily apparent that the charged scheme is anything but. Rather, the wire fraud charges are simply false statements wrapped in separate statutory language. Even so, they do not constitute a plan within the meaning of § 1343, and as such, fail to allege a proper violation. Dismissal is therefore required.

### iii. The Indictment Fails to Allege Money or Property as the Object of a Fraud Scheme.

The mail and wire fraud statutes were not designed to criminalize every act, statement, pretense, representation, etc. capable of defrauding another; rather, they are "limited in scope to the protection of property rights." *McNally v. United States*, 483 U.S. 350, 360 (1987) *superseded by statute*, 18 U.S.C. § 1346; *compare* 18 U.S.C. §§ 1343 and 371. As the Supreme Court has described, "the words 'to defraud' commonly refer 'to wronging one in his property rights by dishonest methods or schemes,' and 'usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.'" *Id.* at 358 (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)). It further observed that ""the original impetus behind the mail fraud statute was to protect the people from schemes to deprive them of their money or property." *Cleveland v. United States*, 531 U.S. 12, 18 (2000) (quoting *McNally, supra* at 356).

With these principles in mind, and after considering subsequent congressional amendments to the federal fraud statutes, including the passage of 18 U.S.C. § 1346, the law remains settled that § 1343 reaches only those frauds or swindles of governmental agencies that have as its object the government's interest as property-holder. *See, e.g., McNally, supra*; *Cleveland*, 531 U.S. at 18 ("the original impetus behind the mail fraud statute was to protect the people from schemes to deprive

them of their money or property") (internal quotations omitted); *United States v. Leahy*, 464 F.3d 773, 787 (7th Cir. 2006) ("[t]he mail and wire fraud statutes require that the object of the fraud is money or property, rather than an intangible right"); *Corcoran v. American Plan Corp.*, 886 F.2d 16, 19-20 (2d Cir. 1989).

In *Cleveland, supra,* the Supreme Court provided its most cogent statement demarcating the line between "property" and other sovereign rights within the meaning of the federal mail and wire fraud statutes. In *Cleveland*, the defendants engaged in a scheme to obtain video game licenses from the state of Louisiana. Despite discussing the state's interest in issuing, regulating, and renewing such licenses—including its substantial economic interest—the Supreme Court recognized that a violation of §§ 1341 or 1343 must implicate the state's right not simply in its capacity as sovereign, but as a property holder. *Id.* at 23-24; *see also id.* at 25 ("we do not . . . question that video poker licensees may have property interests in their licenses"). Ultimately, because a contrary reading would cause "a sweeping expansion of federal criminal jurisdiction in the absence of a clear statement by Congress," the Supreme Court held that the state's ability to issue and regulate such licenses did not implicate a property interest within the meaning of §§ 1341 or 1343. *Id.* at 23.

The indictment here has in essence alleged four potential objects of the charged fraud scheme: (1) to maintain lawful status in the United States; (2) enlistment in the United States Army; (3) to be paid by the United States Army; and (4) to obtain United States citizenship. *See* Dkt. # 32, p. 9 ¶ 6. The wire fraud counts fail to state an offense because they do not properly implicate money or property rights of the government as the object of the fraud scheme.

First, while the indictment does claim the purpose of the fraud scheme was "to be paid by the United States Army," as the Supreme Court recognized in *Cleveland*, the "intangible right" at

5

issue here—service in the United States Army—is much more akin to the sovereign rights of "allocation, exclusion, and control" that fall under the sovereign's right to regulate; that is, it relates to the sovereign's right to build, maintain, and control the contemporary militia in order to effectively wage wars and maintain national security. This principle holds both in the case of issuance of liquor licenses and army employment, despite the fact that both relate "to an expected stream of revenue." Indeed, the Army's stated purpose "remains constant:"

> To deploy, fight and win our nation's wars by providing ready, prompt and sustained land dominance by Army forces across the full spectrum of conflict as part of the joint force. The Army mission is vital to the nation because we are the service capable of defeating enemy ground forces and indefinitely seizing and controlling those things an adversary prizes most – its land, its resources and its population.[1]

Moreover, as the Supreme Court also recognized in *Cleveland*, the sovereign rights implicated in these allegations are proscribed in other criminal statutes, such as those listed in the other charges in the indictment, let alone those contained in the Uniform Code of Military Justice.

Second, enlistment in the United States Army does not constitute "money or property" within the meaning of § 1343. As just discussed, the sovereign decision regarding enlistment in the Army falls under the rubric of the sovereign's ability to create, regulate, and maintain a militia for purposes of national defense. This hardly constitutes a "money or property" interest. *United States v. Sorich*, 523 F.3d 702, 712-13 (7th Cir. 2008) and *Leahy*, 464 F.3d at 787-89, while recognizing that jobs may constitute property within the meaning of §§ 1341 and 1343, are both distinguishable for this reason, as the "jobs" at issue in *Sorich* and *Leahy* were eminently financial and unrelated to larger—let alone critically important—sovereign functions.

Next, insofar as the indictment alleges the maintenance of lawful status in the United States

---

[1] *See* https://www.army.mil/info/organization/ (last accessed November 21, 2019).

6

and the procurement of citizenship as the object of the fraud scheme, counts three through five are legally deficient. Suffice to say, under any reading of the phrase "money or property" within the wire fraud statute, neither of these alleged objects prove sufficient.

Finally, to the extent the Court finds the word "property" and its interpretation within § 1343 ambiguous, as the Supreme Court has long recognized and has even in this context, "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Cleveland*, 531 U.S. at 25 (quoting *Rewis v. United States*, 401 U.S. 808, 812 (1971)). Thus, unless and until Congress "speak[s] more clearly than it has," *id.* at 20, the Court should find that none of the alleged objects constitute "money or property" within the meaning of § 1343.

Alternatively, should the Court find that only one or some of the alleged objects are insufficient, counsel requests that it order those objects stricken from the indictment as surplusage pursuant to Rule 7(d).

## III.    Conclusion

For the reasons discussed herein, Mr. Ji, through counsel, respectfully requests that the Court dismiss counts three through five of the indictment.

Respectfully submitted,

/s/ Damon M. Cheronis
**Damon M. Cheronis**

/s/ Ryan J. Levitt
**Ryan J. Levitt,**
Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on December 6, 2019, I electronically filed the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss Counts Three Through Five of the Indictment** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Law Office of Damon M. Cheronis
140 S. Dearborn Street Suite 411
Chicago, Illinois 60603
(312) 663-4644
damon@cheronislaw.com
