UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 611 |
| v. | |
| JI CHAOQUN | Judge Ronald A. Guzman |

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant JI CHAOQUN'S Motion to Dismiss Counts One through Five (Dkt. No. 67) and supporting Memorandum (Dkt. Nos. 68-71).

# **TABLE OF CONTENTS**

I.   BACKGROUND ......................................................................................... 1

    A.   The Indictment ......................................................................... 1

    B.   Defendant's Motion to Dismiss ................................................ 3

    C.   The Text of Section 951 and the Pertinent Implementing Regulation .. 3

II.   DEFENDANT'S MOTION TO DISMISS COUNT ONE FOR FAILURE TO STATE AN OFFENSE AND ON MULTIPLICITY GROUNDS ......................................... 4

III.   DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO AS FACIALLY OVERBROAD ...................................................................................... 7

IV.   DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO AS UNCONSTITUTIONALLY VAGUE AND LACKING ADEQUATE SPECIFICITY .............. 10

V.   DEFENDANT'S MOTION TO DISMISS COUNTS THREE THROUGH FIVE FOR FAILURE TO STATE AN OFFENSE ....................................................... 13

VI.   CONCLUSION ...................................................................................... 17

# TABLE OF AUHORITIES

Cases

*United States v. Agostino*, 132 F.3d 1183 (7th Cir. 1997) .......................................... 13

*United States v. Allender*, 62 F.3d 909 (7th Cir. 1995) ............................................... 13

*United States v. Butina*, 18 CR 218 (D.D.C. 2019) ...................................................... 9

*United States v. Conley*, 291 F.3d 464 (7th Cir. 2002) ................................................. 6

*United States v. Duran*, 596 F.3d 1283 (11th Cir. 2010)................................... 5, 11, 12

*Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010) .................................... 10, 11

*United States v. Kendall*, 665 F.2d 126 (7th Cir. 1981) ............................................. 11

*United States v. Lindauer*, No. 03-CR-807, 2004 WL 2813168 (S.D.N.Y. Dec. 6 , 2004) .................................................................................................................................... 11

*United States v. Miller*, 508 F.2d 444 (7th Cir. 1974) .................................................. 5

*United States v. Muhammad*, 120 F.3d 688 (7th Cir.1997) .......................................... 7

*United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29 (1963) .................................. 10

*Pinkerton v. United States*, 328 U.S. 640 (1946) ..................................................... 5, 6

*United States v. Starks*, 472 F.3d 466 (7th Cir. 2006)............................................... 6, 7

*United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir. 1980).......................... 10

*United States v. Watkins*, 709 F.2d 475 (7th Cir. 1983)............................................. 11

*United States v. Williams*, 553 U.S. 285 (2008)......................................................... 10

ii

<u>Statutes and Regulations</u>

18 U.S.C. § 371 ............................................................................................ 1, 5, 6, 7

18 U.S.C. § 951 ............................................................................................ *passim*

18 U.S.C. § 1001(a)(1) ............................................................................... 1

18 U.S.C. § 1343 .......................................................................................... 1, 14

28 C.F.R. § 73.1 ........................................................................................... 1, 8, 10

<u>Seventh Circuit Pattern Criminal Jury Instructions (2012)</u>

5.08(A) ........................................................................................................ 5

5.09 .............................................................................................................. 6

18 U.S.C. § 1343 .......................................................................................... 14

# I. BACKGROUND

## A. The Indictment

On January 24, 2019, a grand jury returned an indictment charging defendant JI CHAOQUN with one count of conspiracy to violate 18 U.S.C. § 951(a), in violation of Title 18, United States Code, Section 371 (Count One); one count of acting as an agent of a foreign government without notice to the Attorney General, in violation of Title 18, United States Code, Section 951(a) (Count Two); three counts of wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts Three through Five); and one count of making a material false statement in a matter within the jurisdiction of the executive branch, in violation of Title 18, United States Code, Section 1001(a)(2) (Count Six). Dkt. No. 32.

Count One alleges that defendant conspired with Intelligence Officer A and others to commit an offense against the United States, namely knowingly acting as an agent of the People's Republic of China (the "PRC") without prior notification to the Attorney General. *Id.* Count One includes ten paragraphs of allegations detailing the manner and means of this conspiracy, including that defendant agreed to covertly served as an agent of the PRC while residing in the United States, traveled to China to meet with Intelligence Officer A to discuss and plan defendant's role as an agent of the PRC, communicated with Intelligence Officer A via email and text messages, was directed by Intelligence Officer A to purchase background reports from United States-based companies of multiple ethnic Chinese or Taiwanese individuals who worked in the science and technology sector in the United States, covertly emailed those background reports to Intelligence Officer A, was financially compensated for

this work by Intelligence Officer A, and joined the United States Army in order become a United States citizen and gain access to sensitive and classified information for the PRC. Count One also alleges eight paragraphs detailing the overt acts by defendant in furtherance of the conspiracy, which detail affirmative steps taken by defendant in furtherance of the above-described allegations. *Id.*

Count Two alleges defendant knowingly acted as an agent of the PRC without prior notification to the Attorney General. *Id.* The facts underlying this substantive violation are set forth in Count One. *Id*

Counts Three through Five allege defendant engaged in a wire fraud scheme. *Id.* Counts Three through Five allege eight paragraphs detailing the manner and means of the fraud scheme, including that defendant applied to enlist in the United States Army as a means to obtain United States citizenship via the Military Accessions to Vital National Interest ("MAVNI") program, lied about his contact with Intelligence Officer A and work for the PRC in the SF-86 security clearance application he submitted as part of the background investigation to enlist, lied about his employment in order to fraudulently extend his F-1 student visa in the United States, used his fraudulent immigration status to purport to be legally in the United States during the background investigation for his application to enlist with the Army, was paid for his work with the Army Reserves while the background investigation was pending, and lied about his contact with the PRC Ministry of State Security (the "MSS") during the background investigation. *Id.*

2

Count Six alleges defendant lied about his contact with the MSS during the Army background investigation. *Id.*

### B. Defendant's Motion to Dismiss

On December 6, 2019, defendant filed a Motion to Dismiss Counts One through Five of the Indictment, along with memoranda in support of the following arguments (1) a motion to dismiss Count One for failure to state an offense and on multiplicity grounds; (2) a motion to dismiss Counts One and Two because Title 18, United States Code, Section 951(a) is facially overbroad; (3) a motion to dismiss Counts One and Two because Title 18, United States Code, Section 951(a) is unconstitutionally vague and lacks adequate specificity; and (4) a motion to dismiss Counts Three through Five for failure to state an offense. Dkt. Nos. 67-71.

### C. The Text of Section 951 and the Pertinent Implementing Regulation

Title 18, United States Code, Section 951 provides in pertinent part as follows:

(a) Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General if required in subsection (b), shall be fined under this title or imprisoned not more than ten years, or both.

(b) The Attorney General shall promulgate rules and regulations establishing requirements for notification.

(c) The Attorney General shall, upon receipt, promptly transmit one copy of each notification statement filed under this section to the Secretary of State for such comment and use as the Secretary of State may determine to be appropriate from the point of view of the foreign relations of the United States. Failure of the Attorney General to do so shall not be a bar to prosecution under this section.

3

(d) For purposes of this section, the term "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official, except that such term does not include—

    (1) a duly accredited diplomatic or consular officer of a foreign government, who is so recognized by the Department of State;

    (2) any officially and publicly acknowledged and sponsored official or representative of a foreign government;

    (3) any officially and publicly acknowledged and sponsored member of the staff of, or employee of, an officer, official, or representative described in paragraph (1) or (2), who is not a United States citizen; or

    (4) any person engaged in a legal commercial transaction.

Consistent with Section 951(b), the Department of Justice promulgated regulations providing guidance on compliance with the statute. Among other things, the regulations define the term "legal commercial transaction," for the purpose of Section 951(d)(4), as "any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations." 28 C.F.R. § 73.1(f).

## II. DEFENDANT'S MOTION TO DISMISS COUNT ONE FOR FAILURE TO STATE AN OFFENSE AND ON MULTIPLICITY GROUNDS

Defendant moves to dismiss Count One for failure to state an offense arguing that the conspiracy and substantive offense charged in Count Two involve the same conduct, and because Counts One and Two are multiplicitous. Defendant's motion to dismiss Count One fails because the charges in Counts One and Two are properly

4

alleged as a conspiracy and a substantive count, are distinct charges, and are not multiplicitous. More specifically, Count One alleges a conspiracy, or agreement, to violation Section 951(a), which is distinct from Count Two, which alleges a substantive violation of Section 951(a).

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. *Pinkerton v. United States*, 328 U.S. 640, 643 (1946). "A conspiracy is a partnership in crime . . . [and] has ingredients, as well as implications, distinct from the completion of the unlawful project." *Id.*at 644. "Its distinguishing element is the combination of several persons for an unlawful end. . . the parties may be punished for their agreement to commit a crime as well as for the completed crime." *United States v. Miller*, 508 F.2d 444, 447-48 (7th Cir. 1974) (citations omitted).

To prove a violation of Section 951, the government must prove (1) the defendant acted; (2) defendant's action was taken at the direction of or under the control of a foreign government; and (3) the defendant failed to notify the Attorney General before taking such action. 18 U.S.C. § 951(a); *see also United States v. Duran*, 596 F.3d 1283, 1291 (11th Cir. 2010). To prove a violation of Section 371, the government must prove (1) the conspiracy existed; (2) the defendant knowingly became a member of the conspiracy with the intent to advance the conspiracy; and (3) one of the conspirators committed an overt act in an effort to advance the goal of the conspiracy. 18 U.S.C. § 371; Seventh Circuit Pattern Criminal Jury Instruction

5

5.08(A) (2012). A conspiracy is an express or implied agreement between two or more persons to commit a crime, and may be proven even if its goals were not accomplished. 18 U.S.C. § 371; Seventh Circuit Pattern Criminal Jury Instruction 5.09 (2012).

Defendant argues that Count One fails to state an offense because the only allegations in Count One concerning an agreement are the alleged agreement between defendant and Intelligence Officer A, which allegations defendant argues are coextensive with the facts necessary to prove the second element of Section 951. Dkt. No. 68 at 5. First, this argument is factually inaccurate as Count One alleges that defendant agreed to assist Intelligence Officer A *and* others known and unknown, including the PRC, by covertly serving as an agent of the PRC while residing in the United States. Dkt. No. 32 at 1-2 (emphasis added). Nevertheless, *Pinkerton* governs because Count One alleges the conspiracy, that defendant agreed with Intelligence Officer A and others to act as an agent of the PRC; while Count Two alleges the substantive offense that defendant did, in fact, act as an agent of the PRC. *Pinkerton*, 328 U.S. at 643-44.

For the same reasons, Counts One and Two are not multiplicitous. *Starks*, 472 F.3d at 468-69. "Multiplicity is the charging of a single offense in separate counts of an indictment." *United States v. Starks*, 472 F.3d 466, 468–69 (7th Cir. 2006) (citations omitted). Multiplicity in an indictment exposes a defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. *United States v. Conley*, 291 F.3d 464, 470

6

(7th Cir. 2002). "The traditional test of multiplicity determines whether each count requires proof of a fact which the other does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." *Starks*, 472 F.3d at 469. "[W]e focus on the statutory elements of the charged offenses, not the overlap in the proof offered to establish them, because a single act may violate several statutes without rendering those statutes identical." *United States v. Muhammad*, 120 F.3d 688, 703 (7th Cir.1997).

Here, each count requires proof of a fact which the other does not. *Id.* As detailed above, a conspiracy requires proof of an agreement, but does not require proof the goals of the conspiracy were accomplished. 18 U.S.C. § 371. On the other hand, Section 951(a) requires proof that defendant acted, meaning that he accomplished his goal. 18 U.S.C. § 951(a). Notably, contrary to defendant's assertion, Section 951(a) does not require proof of an agreement. Instead, it requires proof that defendant acted at the direction or control of a foreign government. *Id.* Further, the fact that the proof of Counts One and Two may overlap is not the relevant inquiry. *Muhammad*, 120 F.3d at 703.

For these reasons, defendant's motion to dismiss Count One for failure to state an offense and on multiplicity grounds should be denied.

## III. DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO AS FACIALLY OVERBROAD

Defendant moves to dismiss Counts One and Two as facially overbroad arguing that Section 951(a) prohibits a substantial amount of protected speech. Defendant's

7

motion to dismiss Counts One and Two fails because Section 951(a) is not overbroad and is specifically limited by its own definitions. 18 U.S.C. § 951.

Section 951(a) criminalizes conduct in which a person—who is not a diplomat, consular officer, or attaché—acts in the United States as an agent of a foreign government without prior notification to the Attorney General. 18 U.S.C. § 951(a). "Agent of a foreign government" is defined within the statute as "an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official." 18 U.S.C. § 951(d). Congress explicitly included a number of exceptions to this definition, including "(4) any person engaged in a legal commercial transaction." 18 U.S.C. § 951(d)(4). "The term legal commercial transaction, for the purpose of 18 U.S.C. [§] 951(d)(4), means any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations." 28 C.F.R. § 73.1(f).

Defendant's entire argument that Section 951(a) is overbroad is grounded in the assertion that there is no limit to the scope of conduct covered by Section 951(a), including defendant's example of a foreign official's friend who traveled to the United States to procure a Fender Telecaster for use in that foreign official's personal band. Dkt. No. 69 at 8-10. The friend who purchased that Fender Telecaster purchased a commodity not prohibited by any law, which clearly fell within the scope of the "legal commercial transaction" exception in the statute. 18 U.S.C. § 951(d)(4). In other

8

words, defendant provided an example of conduct that was contemplated by Congress, and excepted from a violation of Section 951(a) via the plain language of the statute. *Id.*

Defendant attempts to inject a First Amendment violation into his motion by making the conclusory argument that Section 951(a) is overbroad as it "prohibits a substantial amount of protected speech." Dkt. No. 69. However, defendant cites no authority for this proposition as it relates to Section 951(a), and provides no examples of circumstances in which Section 951(a) *on its face* prohibits free speech. Indeed, defendant cites to the only other similar challenge to Section 951(a), which was withdrawn before the Court could rule. Dkt. No. 69 at 9 (citing *United States v. Butina*, 18 CR 218, Dkt. No. 52 (D.D.C. 2019)). Defendant nevertheless incorporates the examples made in that motion in support of his argument, including examples of various individuals engaged in a range conduct within the United States at the direction of a representative of a foreign government. *Id.* at 9-10. Some of the examples fall within the legal commercial transaction exception, others provide no allegation of an "act" made at the "direction" of the foreign official, and others may well be violations of Section 951(a). These examples thus provide no support for defendant's argument that the statute is overbroad. Indeed, defendant's argument that Section 951(a) is overbroad is patently defeated by the statutory exceptions.

For these reasons, defendant's motion to dismiss Counts One and Two as facially overbroad should be denied.

9

## IV.   DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO AS UNCONSTITUTIONALLY VAGUE AND LACKING ADEQUATE SPECIFICITY

Defendant moves to dismiss Counts One and Two arguing that Section 951(a) is unconstitutionally vague and lacking in adequate specificity. Defendant's motion to dismiss Counts One and Two fails because Section 951(a) is readily understandable on its face and gives adequate notice of the conduct prohibited by the statue.

A statute is unconstitutionally vague when "criminal responsibility should not attach were one could not reasonably understand that his contemplated conduct is proscribed." *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32-33 (1963) (citations omitted). A law is unconstitutionally vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) ("HLP") (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)).

In *Truong*, the Fourth Circuit rejected a vagueness challenge to Section 951 that focused on the term "agent," which was undefined at the time. *United States v. Truong Dinh Hung*, 629 F.2d 908, 920 (4th Cir. 1980). The court held that "'[a]gent' as used in this context . . . is a readily understandable term which provides adequate notice of the conduct proscribed by the statute." *Id.* Section 951 now defines the term "agent" as "an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official," and it enumerates four exceptions to the definition. 18 U.S.C. § 951(d); *see also* 28 C.F.R. § 73.1(a) (defining

10

"agent" as "all individuals acting as representatives of, or on behalf of, a foreign government or official, who are subject to the direction or control of that foreign government or official"). In light of the additional guidance and narrowing provided by the definition (which expressly requires "direction or control" by the foreign government) and the statutory exceptions thereto (which exempt certain forms of conduct that would otherwise be covered), Section 951 is now substantially clearer than it was at the time of Truong. *See HLP*, 561 U.S. at 35-36 (rejecting a vagueness challenge to the statute that criminalizes providing material support to foreign terrorist groups, 18 U.S.C. § 2339B, and emphasizing the "added clarity" provided by similar definitions and exceptions). Thus, it is unsurprising that each court to have considered a vagueness challenge to Section 951 since the enactment of subsection (d) has rejected that challenge. *See, e.g.*, *Duran*, 596 F.3d at 1291 (holding that "§ 951 plainly and concretely identifies the conduct" that violates the statute and that "the statute's language is clear and unambiguous") (citations omitted); *United States v. Lindauer*, No. 03-CR-807, 2004 WL 2813168, *4 (S.D.N.Y. Dec. 6 , 2004) (citing *Truong* and noting that vagueness challenge to Section 951 "d[id] not require extensive discussion").

First, defendant argues that Section 951 appears limitless, making many of the same arguments he made in his prior motion to dismiss, that the statute could proscribe well-intentioned acts. Dkt. No. 70 at 4. Defendant cites no authority for this proposition and instead argues that "otherwise" lawful acts could be swept into an

11

alleged violation. As detailed above in Section IV, the statute sets forth the relevant exceptions, including those involving "legally commercial transactions," thus eliminating the notion that Section 951(a) is "limitless."

Second, defendant argues that Section 951(a) fails to provide adequate notice of the proscribed conduct sufficient to risk arbitrary enforcement. Dkt. No. 70 at 5. As detailed above, every court to address a vagueness challenge to Section 951(a) has rejected the argument because "the statute's language is clear and unambiguous." *See, e.g.*, *Duran*, 596 F.3d at 1291. Nothing in defendant's arguments are innovative sufficient to warrant a deviation from this established law.

Third, defendant seeks to politicize this matter by raising the current state of diplomatic and economic relations between the United States and the PRC. Dkt. No. 70 at 6. Defendant's appears to argue that this prosecution was, in some way, motivated by those politics, and cites a litany of opinions as support for his notion. *Id.*at 6-7. However, defendant cites no legal authority to support this argument and his efforts to politicize this prosecution should thus be rejected.

Finally, defendant argues that Count Two fails to adequately inform him of the nature and cause of the accusation. Dkt. No. 70 at 9-10. Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires simply that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Seventh Circuit has held that an indictment is constitutionally sufficient if it: (1) states all the elements of the offense charged; (2)

informs the defendant of the nature of the charge, enabling the defendant to prepare a defense; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. *See, e.g., United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995); *United States v. Watkins*, 709 F.2d 475, 478 (7th Cir. 1983). It is well-settled that "the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). Ironically, defendant is provided a roadmap concerning the acts he performed at the direction of a representative of the PRC relevant to Count Two in the detailed manner and means and overt acts sections of the conspiracy alleged in Count One. While these paragraphs from Count One are not incorporated by reference into Count Two, he cannot credibly argue that he has no notice of what crime he is alleged to have committed in Count Two. Nevertheless, Count Two is constitutionally sufficient under the Seventh Circuit standard and thus provides adequate notice of the charge to defendant. *Agostino*, 132 F.3d at 1189.

For these reasons, defendant's motion to dismiss Counts One and Two because Section 951(a) is unconstitutionally vague and lacks adequate specificity should be denied.

## V. DEFENDANT'S MOTION TO DISMISS COUNTS THREE THROUGH FIVE FOR FAILURE TO STATE AN OFFENSE

Defendant moves to dismiss Counts Three through Five for failure to state an offense arguing that the charges fail to allege a scheme to defraud or what money or

property was taken. Defendant's motion fails because the indictment clearly alleges a scheme to defraud, namely that defendant made a number of material lies to the United States Army in support of his application to enlist and participate in the United States Army Reserves program, in exchange for which the United States Army paid defendant money.

To prove wire fraud, the government must prove that (1) the defendant knowingly devised or participated in a scheme to defraud; (2) the defendant did so with the intent to defraud; (3) the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and (4) for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place in the manner charged in the particular count. 18 U.S.C. § 1343; Seventh Circuit Pattern Criminal Jury Instruction (2012), 18 U.S.C. § 1343, page 490. A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises. Seventh Circuit Pattern Criminal Jury Instruction (2012), 18 U.S.C. § 1343, page 493.

Here, the Counts Three through Five allege that defendant made multiple false representations as part of his scheme to defraud, including (1) that he lied in the SF-86 about his contact with Intelligence Officer A; (2) that he lied about his employment in order to fraudulently extend his F-1 student visa, knowing that he needed legal immigration status in order to enlist with the Army, be paid by the Army, and obtain

14

U.S. Citizenship via the MAVNI program; (3) that he lied about his employment and immigration status during the background investigation for his application to enlist in the Army; and (4) that he lied about his contact with Intelligence Officer A, who defendant knew was a representative of the MSS, when answering a written questionnaire during the background investigation for his application to enlist in the Army. Each one of these lies was material to his application to enlist in the Army, and thus his ability to work for the Army Reserves in exchange for payment pending his enlistment application. The indictment clearly alleges a scheme to defraud.

First, defendant argues that defendant's lies concerning his immigration status are not logically part of the fraud scheme, but provides no authority or explanation for this conclusory argument. Dkt. No. 71 at 3. Defendant's lies concerning his immigration status are central to his scheme to defraud the Army. Indeed, the allegations include that defendant knew that he needed lawful immigration status in order to enlist in the Army, be paid for his work with the Army reserves, and to obtain citizenship via the MAVNI program. As a result, his lies concerning his employment in order to fraudulently extend his student visa were critical to his scheme to defraud the Army.

Second, defendant argues that the other lies concerning his contact with Intelligence Officer A were "simply" false statements that did not amount to a fraud scheme. Dkt. No. 71 at 3-4. Again, defendant cites no authority and provides no explanation for this argument. The lies on the SF-86 and written questionnaire

15

during the background investigation concerning his contact with Intelligence Officer A, who defendant knew was a representative of the MSS, were also material to his application to enlist in the Army, be paid for his work with the Army reserves, and to obtain citizenship via the MAVNI program. As a result, his lies concerning his contact with Intelligence Officer A were likewise critical to his scheme to defraud the Army.

Finally, defendant argues that the indictment fails to allege that money or property were the object of the fraud scheme. Dkt. No. 71 at 4-5. Counts Three through Five clearly allege that defendant engaged in the scheme to defraud in order to obtain money from the Army. Indeed, each of Counts Three through Five alleges the wirings of funds from the Army to defendant, which constitute the interstate wires required to allege an execution of wire fraud. Defendant is correct that the government is not deprived of money or property by issuing a visa or citizenship as a result of fraud for purposes of the wire fraud statute. *See, e.g.*, *Cleveland v. United States*, 531 U.S. 12, 18 (2000) (video poker licenses issued by the State of Louisiana were not property for purposes of the mail fraud statute). However, the government, namely the Army, was deprived of at least approximately $1,031.52 in payments to defendant in exchange for his work as an Army reservist as alleged in the specific wirings. The indictment clearly alleges the money or property rights were the object of defendant's scheme to defraud.

16

For these reasons, defendant's motion to dismiss Counts Three through Five for failure to state an offense should be denied.

## VI.  CONCLUSION

For all of these reasons, the United States respectfully requests that this Court deny defendant JI CHAOQUN's Motion to Dismiss.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     /s/ *Shoba Pillay*
        SHOBA PILLAY
        Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 886-7631

Dated: January 27, 2020

17