UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JI CHAOQUN | No. 18 CR 611<br><br>Judge Ronald A. Guzman |

**RESPONSE TO MOTION FOR BILL OF PARTICULARS**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the follow response to defendant JI CHAOQUN's Motion for a Bill of Particulars (Docket No. 72).

**I. BACKGROUND**

On January 24, 2019, a grand jury returned an indictment charging defendant JI CHAOQUN with one count of conspiracy to violate 18 U.S.C. § 951(a), in violation of Title 18, United States Code, Section 371 (Count One); one count of acting as an agent of a foreign government without notice to the Attorney General, in violation of Title 18, United States Code, Section 951(a) (Count Two); three counts of wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts Three through Five); and one count of making a material false statement in a matter within the jurisdiction of the executive branch, in violation of Title 18, United States Code, Section 1001(a)(2) (Count Six). Dkt. No. 32.

Count One alleges that defendant conspired with Intelligence Officer A and others to commit an offense against the United States, namely knowingly acting as

an agent of the People's Republic of China (the "PRC") without prior notification to the Attorney General. *Id.* Count One includes ten paragraphs of allegations detailing the manner and means of this conspiracy, including that defendant agreed to covertly served as an agent of the PRC while residing in the United States, traveled to China to meet with Intelligence Officer A to discuss and plan defendant's role as an agent of the PRC, communicated with Intelligence Officer A via email and text messages, purchased background reports from United States-based companies of multiple ethnic Chinese or Taiwanese individuals who worked in the science and technology sector in the United States at the direction of Intelligence Officer A, covertly emailed those background reports to Intelligence Officer A, was financially compensated for this work by Intelligence Officer A, and joined the United States Army in order become a United States citizen and gain access to sensitive and classified information for the PRC. Count One also alleges eight paragraphs detailing the overt acts by defendant in furtherance of the conspiracy, which detail affirmative steps taken by defendant in furtherance of the above-described allegations. *Id.*

Count Two alleges defendant knowingly acted as an agent of the PRC without prior notification to the Attorney General. *Id.* The facts underlying this substantive violation are set forth in Count One. *Id*

Counts Three to Five allege defendant engaged in a wire fraud scheme. *Id.* Counts Three to Five alleges eight paragraphs detailing the manner and means of the fraud scheme, including that defendant applied to enlist in the United States

Army as a means to obtain United States citizenship via the Military Accessions to Vital National Interest ("MAVNI") program, lied about his contact with Intelligence Officer A and work for the PRC in the SF-86 security clearance application he submitted as part of the background investigation to enlist, lied about his employment in order to fraudulently extend his F-1 student visa in the United States, used his fraudulent immigration status to purport to be legally in the United States during the background investigation for his application to enlist with the United States Army, was paid for his work with the United States Army Reserve while the background investigation was pending, and lied about his contact with the PRC Ministry of State Security during the background investigation. *Id.*

Count Six alleges defendant lied about his contact with the PRC Ministry of State Security during the United States Army background investigation. *Id.*

Since the indictment was returned, the government has produced voluminous discovery, including all discovery required pursuant to Rule 16 and Section 3500. This discovery included a copy of all materials stolen by defendant from Company A, all FBI reports of interviews and investigation, all transcripts of grand jury testimony, all returns on email search warrants, and all records obtained in response to grand jury subpoenas (such as bank and other financial records). In an effort to obviate this type of motion, the government went well beyond its discovery obligations at this stage in the litigation, including producing Section 3500 materials that the

3

government was not obligated to disclose until trial. Despite this fulsome discovery, defendant continues in his motion for a bill of particulars.

## II. ARGUMENT

### A. Legal Standard

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires simply that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Seventh Circuit has held that an indictment is constitutionally sufficient if it: (1) states all the elements of the offense charged; (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. *See, e.g., United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995); *United States v. Watkins*, 709 F.2d 475, 478 (7th Cir. 1983).

It is well-settled that "the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) ("[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial") (citations and internal quotation omitted); *United States v. Ansani*, 240 F.2d 216, 223 (7th Cir. 1957) (bill of particulars properly denied where defendant "attempted to secure legal theories, not facts"); *Kempe v. United*

*States*, 151 F.2d 680, 685 (8th Cir. 1945) ("[t]he purpose of a bill of particulars is to secure facts, not legal theories.").

In accordance with the general proscription against compelled pretrial disclosure of the details of the government's evidence, courts have held that a motion for a bill of particulars should be denied when the indictment, combined with the discovery provided by the government, adequately informs the defendant of the charges. *See, e.g., United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) ("a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery"); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery ... obviates the need for a bill of particulars."); *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978) (same); *United States v. Matthews*, No. 94 CR 333-18, 1997 WL 201581, *2-3 (N.D. Ill. Apr, 16, 1997) (same). A defendant is not entitled to a roadmap of the trial evidence or "all the details of how [the charges] will be proved." *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997), *vacated on other grounds by* 526 U.S. 813 (1999) (citing *Kendall*, 665 F.2d at 135 (7th Cir. 1981)).

  **B. Analysis**

The indictment in this case is lengthy and detailed and thus sufficiently specific to inform defendant of the charges against him, permitting him to prepare for trial and avoid double jeopardy. That specificity, coupled with the extensive discovery that the government has already provided, is more than adequate to inform

5

the defendant of the charges he faces. The law does not require a detailed roadmap of how the government will prove its case at trial.

For example, defendant asks the government to identify all of the members of the alleged conspiracy or scheme with specificity, all of the foreign officials under whose direction or control defendant acted, all of the overt acts in which defendant engaged in furtherance of the conspiracy, all the manner and means in which defendant executed the scheme to defraud, all of the misrepresentations made by defendant, and the false statements made by defendant that were material to the Army's background investigation.

The majority of what defendant seeks in a bill of particulars is laid out in detail and with specificity in the indictment, and more than adequately informs the defendant of the charges. *Vaughn*, 722 F.3d at 927. Indeed, the government would have met is low burden for pleading under Rule 7(c)(1) without the detail set forth therein, as it requires no more than "a plain, concise and definite written statement of the essential facts constituting the offense charged." *Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); *Allender*, 62 F.3d at 914 (7th Cir. 1995); *Watkins*, 709 F.2d at 478. To require more would require the government to provide defendant with a roadmap of the trial evidence or "all the details of how [the charges] will be proved," to which defendant is not entitled. *Richardson*, 130 F.3d at 776.

6

Given the detailed nature of the charges contained in the indictment and the voluminous discovery provided by the government, the government should not be required to file a bill of particulars in this case.

## III. CONCLUSION

For these reasons, the United States respectfully requests that this Court deny defendant's motion for a bill of particulars.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Shoba Pillay*
SHOBA PILLAY
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-7631

Dated: January 27, 2020