IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS
MOTION FOR A BILL OF PARTICULARS**

Defendant, **Ji Chaoqun**, by and through his attorneys, **the Law Office of Damon M. Cheronis**, respectfully submits the following reply in support of his motion for a bill of particulars.

**I.   Introduction**

On January 24, 2019, the grand jury returned a six count indictment charging Mr. Ji with one count of engaging in a conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, one count of failing to register as a foreign agent in violation of 18 U.S.C. § 951(a), three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Dkt. # 32.

On December 6, 2019, counsel filed a motion for a bill of particulars on behalf of Mr. Chaoqun requesting the government identify the following in a bill of particulars:

   **i.  Count One (18 U.S.C. § 371)**

   a.  Identify any and all other individuals the government considers to be members of the alleged conspiracy, or "co-conspirators," further identifying with specificity their involvement or role in the conspiracy;

   b.  Identify the nature and scope of the conspiratorial agreement above and

      beyond that contemplated by the substantive offense, including its object, any and all overt acts or series of acts Mr. Ji or others are alleged to have carried out in furtherance of the conspiracy, the manner and means through which Mr. Ji or others are alleged to have carried out the conspiracy, further including the date, time, location, and circumstances of such acts;

  c.  and identify with specificity the manner and means, including the date, time, location, and circumstances through which Mr. Ji is alleged to have concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

ii. **Count Two (18 U.S.C. § 951)**

  a.  Identify with specificity any and all "acts" Mr. Ji is alleged to have performed as an unregistered foreign agent, including the date, time, location, and circumstances of such act;

  b.  Identify any and all foreign officials under whose "direction and control" Mr. Ji is alleged to have acted;

  c.  Identify with specificity the manner and means through which any and all foreign officials directed and controlled Mr. Ji's alleged actions, including the date, time, location, and circumstances of such act;

  d.  and identify with specificity the factual grounds supporting the assertion that Mr. Ji "knowingly" acted as an unregistered foreign agent.

iii. **Counts Three, Four, and Five (18 U.S.C. § 1343)**

  a.  Identify any and all other individuals the government considers to be members of the alleged scheme, or "co-schemers," further identifying with specificity their involvement or role in the alleged scheme;

  b.  Identify with specificity the manner and means through which Mr. Ji "devised and intended to device, and participated in" the alleged fraud scheme, including the date, time, location, and circumstances;

  c.  and identify with specificity any and all overt acts or series of acts Mr. Ji or others are alleged to have carried out in furtherance of the alleged scheme; further including any and all false statements Mr. Ji is alleged to have made in furtherance of the alleged scheme; further including the manner and means through which Mr. Ji is alleged to have concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence

2

and purpose of the scheme, and acts done in furtherance of the scheme, including the date, time, location and circumstances.

  iv. Count Six (18 U.S.C. § 1001(a)(2))

   a. Identify with specificity the factual grounds supporting the assertion that the alleged false statements were "material" to the United States Department of Army's background investigation;

   b. identify any and all "other" material false statements Mr. Ji is alleged to have made in relation to the United States Department of Army's background investigation, including the date, time, location and circumstances of any such statement; and

   c. identify with specificity the factual grounds supporting the assertion that Mr. Ji knew the statement to be false.

On January 27, 2020, the government filed its response in opposition arguing, in summary, that "the indictment is lengthy and detailed and thus sufficiently specific to inform [Mr. Chaoqun] of the charges against him." Dkt. # 78.

Counsel hereby submits this reply on behalf of Mr. Ji in order to clarify and address the arguments raised by the government in its response.

II. Discussion

As noted above, in its brief response, the government principally argues that the amount of detail contained in the indictment is sufficiently detailed to obviate the need for a bill of particulars. While the government focused on the Due Process concern of apprising Mr. Ji of the nature of the allegations against him, the government's reply said virtually nothing regarding the protections against double jeopardy that a bill of particulars has long been recognized to afford defendants.

As counsel previously noted, that concern is particularly present here, given that 18 U.S.C. § 951 § 951 criminalizes "*any* affirmative conduct undertaken as an agent of a foreign government." *United States v. Duran*, 596 F.3d 1291 (11th Cir. 2010) (emphasis added); *see also United States v.*

3

*Campa*, 529 F.3d 980, 999 (11th Cir. 2008) (finding § 951 to set forth a general intent crime). On this point, counsel cited a wide and varied cross-section of cases from across the country that demonstrate the broad, even inconceivable number of possible "acts" that give rise to a potential § 951 violation. *See, e.g., United States v. Latchin*, 554 F.3d 709, 715 (7th Cir. 2009) (emphasis added) (upholding a conviction where the defendant accepted money and placed 39 telephone calls to a foreign intelligence agent; *United States v. Dumeisi*, 424 F.3d 566 (7th Cir. 2005) (American citizen convicted for sending phone records and summaries of public speeches of Iraqi opposition group to Iraqi government) ); *United States v. Ying-Lin*, 2018 WL 3416524, *4-5 (E.D.N.Y. 2018) (upholding an indictment where an airline employee smuggled luggage to China despite no evidence of the contents of the luggage).

  As a result, counsel requested the government identify various particulars with respect to the "acts" and conspiracy alleged in counts one and two. Absent specificity necessarily and best provided in a bill of particulars, any and all alleged "acts" of Mr. Ji, undertaken on behalf of a foreign government and official, and without prior notice to the Attorney General, places him in *actual* jeopardy—and twice over—given the indictment's lacking specifics.

  The government also made reference to the fact that "voluminous discovery" has been provided to date, and that this fact further obviates the need for a bill of particulars. Dkt. # 78 p. 7. While counsel does not dispute this characterization, it should be noted that this reality in no way mitigates the danger of double jeopardy, and further, the fact that the government has produced a voluminous amount of discovery often *gives rise* to the need to provide more particulars about the nature of an offense. *See, e.g., United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("[t]he line that distinguishes one defendant's request to be apprised of necessary specifics about the

4

charges against him from another's request for evidentiary detail is one that is quite difficult to draw. It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars").

Finally, counsel notes that despite multiple and narrow requests for particulars on each count of the indictment, the government has not responded to those requests in their specificity. Counsel will nonetheless highlight again that the request for a bill of particulars cannot be judged in a vacuum. In this case, the government has alleged an expansive timeframe in which the wider conspiracy unfolded—over five years for counts one and two—and that fact, when coupled with the unusual level of generality accompanying the allegations, and the substantially broad reach and vagueness of § 951, demonstrates the substantial need for a bill of particulars.

### III. Conclusion

Based on the foregoing, and the reasons set forth more fully in Mr. Ji's initial motion, and to apprise him of the scope and nature of the charges against him, allow him and counsel to effectively prepare a defense to those charges, and to create a record so as to protect Mr. Ji from being placed in jeopardy twice over, counsel respectfully requests that the Court order the government to produce a bill of particulars as requested.

          Respectfully submitted,

          /s/ Damon M. Cheronis
          **Damon M. Cheronis**

          /s/ Ryan J. Levitt
          **Ryan J. Levitt,**
          Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on February 18, 2020 I electronically filed the foregoing **Defendant's Reply in Support of his Motion for a Bill of Particulars** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Law Office of Damon M. Cheronis
140 S. Dearborn Street Suite 411
Chicago, Illinois 60603
(312) 663-4644
damon@cheronislaw.com