IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE
FROM THE INDICTMENT AND OTHER MISCELLANEOUS RELIEF**

Defendant, **Ji Chaoqun**, by and through his attorneys, **the Law Office of Damon M. Cheronis**, pursuant to Rule 7 of the Federal Rules of Criminal Procedure, as well as the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the United States Constitution, respectfully moves the Court to strike surplusage from the indictment regarding legal commercial transactions, as well as preclude proof in support thereof at trial.

In support of this motion, Mr. Ji, through counsel, respectfully submits the following:

**I.     Background**

1.     On January 24, 2019, the grand jury returned a six count indictment charging Mr. Ji with one count of engaging in a conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, one count of failing to register as a foreign agent in violation of 18 U.S.C. § 951(a), three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Dkt. # 32.

2.     As part of the offenses, the indictment alleged that "Intelligence Officer A" instructed Mr. Ji to obtain from Companies A, B, and C background reports of multiple individuals

in order to circumvent restrictions set by Companies A, B, and C on purchases made outside of the United States (*id.* at p. 3); Mr. Ji in fact purchased and obtained background reports requested by Intelligence Officer A of certain naturalized United States citizens who were born in Taiwan or China and worked in the United States at companies in the science and technology industry, including cleared United States defense contractors (*id.* at p. 3); Mr. Ji emailed the background reports to Intelligence Officer A in a manner that disguised the true nature of the reports and that Intelligence Officer A was the intended recipient (*id.* at pp. 3-4); Mr. Ji was provided money by Intelligence Officer A as compensation and to reimburse him for expenses incurred in obtaining the background check reports.

3.  Count one further alleged specific overt acts undertaken in furtherance of the conspiracy, including that from August 25, 2015 through August 31, 2015, Intelligence Officer A and Mr. Ji exchanged text messages in which Intelligence Officer A directed Mr. Ji to send Intelligence Officer A the background reports (*id.* at p. 5); Mr. Ji purchased the background reports from Companies A, B, and C on August 30, 2015 while in the United States (*id.* at p. 5); Mr. Ji made the background check information available to Intelligence Officer A in an email addressed to a third party on August 30, 2015 (*id.* at p. 5); Mr. Ji purchased a background report from Company A while in the United States on September 18, 2015 (*id.* at p. 5); and that Mr. Ji made the background check information available to Intelligence Officer A in an email addressed to a third party on September 18, 2015 (*id.* at p. 5).

4.  Count two of the indictment, which charged a violation of 18 U.S.C. § 951, began by reincorporating paragraph one of count one, which, as described above, generally only defined the MSS, Intelligence Officer A, the MAVNI program, and Companies A, B, and C. *Id.* at pp.1-2. It

then alleged that from on or about August 28, 2013 to on or about September 25, 2018, at Chicago, in the Northern District of Illinois and elsewhere, Ji Chaoqun did knowingly act as an agent of a foreign government, namely the People's Republic of China, without prior notification to the Attorney General as required by law; in violation of 18 U.S.C. § 951(a). *Id.* at p. 6.

5.      For the reasons that follow, the lawful purchase of background reports, even if taken as true, constitute legal commercial transactions within the meaning of 18 U.S.C. § 951(d)(4), 28 C.F.R. § 73.1(f), and other applicable law, and thus, constitute surplusage that should be stricken from the indictment and precluded from introduction into evidence at trial.

**II.    Discussion**

6.      18 U.S.C. § 951(d)(4) exempts "any person engaged in a legal commercial transaction" from the definition of "agent of a foreign government."

7.      28 C.F.R. § 73.1(f) defines "legal commercial transaction" as it is used in § 951 as "any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations."

8.      There is minimal case law discussing the nature of this exemption. *Cf. United States v. Amirnazmi*, 08 CR 429 (E.D. Penn. 2008) Dkt. # 30. For example, in *United States v. Duran*, 2008 WL 11333989, * 2 (S.D. Fla. 2008), the district court rejected the defendant's Rule 29 argument that the government failed to prove that the defendant's actions violated a state or governmental rule or regulation. *Id.* It found, instead, that the legal commercial transaction exemption is something that must be raised by the defendant as an affirmative defense. *Id.* Under Rule 29's deferential standard, the Court found the government's evidence sufficient because, viewing it in

the light most favorable to the prosecution, his actions were no doubt fraudulent, extortionate, etc.—certainly not legal. *Id*. It further observed that it was "unable to find any legislative history indicating Congress's intent in crafting Section 951(d)."

9. Here, to counsel's knowledge, there is no state or federal regulation or law prohibiting the alleged purchase and other actions related to the background reports. Rather, it appears from the course of discovery that the government intends to call individuals employed with the background report companies to testify that the alleged purchase and transfer to individuals in another country or a part of a foreign government violated those companies own internal service agreements. Internal corporate terms of service agreements, do not constitute "federal or state legislation or implementing regulations" within the meaning of § 951(d)(4) or 28 C.F.R. § 73.1(f). The alleged purchase and transfer of the background reports, then, is conduct specifically exempted from criminal liability. Therefore, reference thereto in the indictment constitutes surplusage that should be stricken, and further, proof related to this alleged act should be precluded from introduction at trial.

**III.   Conclusion**

10. Based on the foregoing, Mr. Ji, through counsel, respectfully moves the Court to strike surplusage from the indictment regarding legal commercial transactions, as well as to preclude proof in support thereof at trial.

Respectfully submitted,

/s/ Damon M. Cheronis
**Damon M. Cheronis**

/s/ Ryan J. Levitt
**Ryan J. Levitt,**
Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on February 18, 2020, I electronically filed the foregoing **Defendant's Motion to Strike Surplusage from the Indictment and Other Miscellaneous Relief** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                s/ Damon M. Cheronis
                                                Damon M. Cheronis
                                                Law Office of Damon M. Cheronis
                                                140 S. Dearborn Street Suite 411
                                                Chicago, Illinois 60603
                                                (312) 663-4644
                                                damon@cheronislaw.com