UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JI CHAOQUN | No. 18 CR 611<br><br>Judge Ronald A. Guzman |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO QUASH GOVERNMENT'S
RULE 17 SUBPOENA ISSUED TO THE MCC**

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits this Response to Defendant's Motion to Quash Government's Rule 17 Subpoena Issued to the MCC. Dkt No. 112.

## I. BACKGROUND

On January 24, 2019, a grand jury returned an indictment charging defendant JI CHAOQUN with one count of conspiracy to violate 18 U.S.C. § 951(a), in violation of Title 18, United States Code, Section 371 (Count One); one count of acting as an agent of a foreign government without notice to the Attorney General, in violation of Title 18, United States Code, Section 951(a) (Count Two); three counts of wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts Three through Five); and one count of making a material false statement in a matter within the jurisdiction of the executive branch, in violation of Title 18, United States Code, Section 1001(a)(2) (Count Six). Dkt. No. 32.

On May 24, 2019, the parties filed an agreed motion for an early return of trial subpoenas pursuant to Fed. R. Crim. Pro. 17(c)(1). Dkt. No. 54. The motion stated

that the parties wished to obtain "relevant information" and thus required "return dates" in advance of the trial date. On May 29, 2019, the Court granted the parties' motion. Dkt. No. 57.

On May 30, 2019, the government issued a Rule 17(c) trial subpoena to the Metropolitan Correctional Center (MCC) for all of the defendant's "recorded phone conversations, call logs, and visitor logs" from December 7, 2018, through the date of the subpoena. The trial subpoena had a return date of June 13, 2019. The MCC complied with the subpoena and provided the government with the requested information. The government subsequently provided a copy of the material to the defendant.

The defendant has filed a motion to quash the trial subpoena to the MCC. The defendant presents two arguments in support of his motion: that the subpoena lacked specificity; and that the subpoena violated Rule 17(h)'s prohibition on subpoenas for witness statements. The defendant requests, in addition to quashing the subpoena, that the MCC material be destroyed or returned.[1] The defendant further requests, in what appears to be a throw-away sentence, that the government be prohibited from issuing any additional Rule 17 subpoenas without leave of the Court and notice to the defense.

---

[1] The government does not contest the defendant's assertion that he has standing to challenge the subpoena.

## II. Argument

### A. The Subpoena Was Specific and Issued Pursuant to the Court's Order

Fed. Rule Crim. Pro. 17(c) allows a party to issue a trial subpoena to a witness for items or objects that the subpoena designates. The Court may also direct the witness to produce the material at a date prior to the trial date. Typically, as occurred here, upon motion of the parties the Court may grant the parties authority to issue subpoenas with a return date that is prior to the trial date. The purpose of allowing early production is to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). "Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *United States v. Nixon*, 418 U.S. 683, 701 (1974).

In order to support a Rule 17(c) subpoena, the party seeking the records must show "(1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700. The defendant does not challenge the relevancy or the admissibility of the records sought. Instead, he argues that the government's subpoena lacked specificity. Specificity is required to prevent a party from using Rule 17(c) subpoenas to engage in a "fishing expedition." *United States v. Avenatti*, 2020 WL 86768 (S.D.N.Y. January 6, 2020) (cleaned up).

Rule 17 subpoenas for the defendant's prison phone calls or visitor logs is a common practice that often yields identifiable evidence, either because the defendant made incriminating or relevant statements, or because third parties who are in

contact with the defendant reveal incriminating relationships that are relevant to the charges. A subpoena for prison phone calls cannot request specific phone calls because the government has to review the calls first before being able to identify the calls it is seeking.

In analyzing whether a party seeking a Rule 17(c) subpoena must only seek admissible evidence, specifically material created by a potential expert witness, Judge Change recently remarked that "[T]he prosecution routinely invokes Rule 17 to subpoena *all* non-privileged recordings of jail-phone conversations of a detained defendant. Yet a strict admissibility requirement would render those subpoenas invalid, because it generally cannot be known that the recordings will be admissible before receiving and reviewing them." (emphasis in original)). *United States v. Gregg Smith, et. al.*, 2020 WL 4934990 *3 (N.D.IL, August 23, 2020); *United States v. Apodaca*, 251 F. Supp. 3d 1, 10 (D.D.C. 2017)("The rule is routinely invoked by parties seeking to obtain recorded jail calls, which may be many hours in length, prior to trial."); *See also United States v. Lusby*, 2018 WL 9816061 (D. Nevada August 3, 2018).

Not every court has agreed with Judge Chang. There are some courts that have been critical of the government for issuing Rule 17(c) subpoenas for defendant's jail calls and held that the government's subpoenas were not sufficiently specific. Those situations are distinguishable in that the courts were irked that the government issued Rule 17(c) subpoenas with early return dates, without court authorization. In *United States v. Noriega*, 764 F. Supp. 1480, 1492 (S.D.FL 1991), the court found the

4

government's use of Rule 17(c) subpoena to obtain a defendant's prison calls with an early return date, along with the government's failure to disclose the calls, to be a violation of Fed. Rule Crim. Pro. 17 and 16. The court found that because the "tapes" were sought prior to any hearing dates, the "prosecution intended to use the recordings, if at all, either at trial or as a means for developing investigative leads which could lead to evidence producible at trial…" *Id*. The court's criticism was founded on the government's failure to obtain court approval. "Nor was there any justification for the examination of Noreiga's conversations without prior court knowledge and authorization." *Id*. at 1493. The court ruled that "trial subpoenas may not be used to obtain a defendant's prison recorded conversations prior to the time they are to be offered in evidence unless leave of court is obtained." *Id*. at 1494. The implication of the court's ruling appears to be that, had the government either issued the return of the subpoenas to coincide with a hearing or trial date, or sought the court's authorization for early return of the subpoenas, then the court would not have had an objection to the government obtaining of the prison calls. In other words, it was not obtaining the calls themselves that irked the court but the conduct of the government.

Similarly, in *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015), the government issued a Rule 17(c) subpoena with early return dates without seeking approval of the court. The court chastised the government ("Accordingly, it was improper for the government to issue the subpoenas without obtaining court approval." *Id*. at 180) and was skeptical of the government's justification that the

5

calls may lead to impeachment evidence. The court concluded that the government was on a fishing expedition.

Conversely, the court in *United States v. Amirnazmi*, 645 F.3d 564, 595 (3rd Cir. 2011), in distinguishing itself from the *Noreiga* decision, had no issues with the government's Rule 17(c) subpoena because the return date coincided with the scheduled trial dates.

Here, the parties jointly requested and received from the Court authorization for early return of Rule 17(c) subpoenas. Although neither the government nor the defense specified the exact subpoenas that either party may have contemplated at the time of the filing of the agreed motion, it was apparent from the nature of the request that the parties desired to obtain and review material prior to trial in order to make evidentiary decisions.

The government's subpoena to the MCC was specific in the type of records it requested and limited to a specific time period. This was not a fishing expedition but a targeted request to review the defendant's own statements or communications, as well as call and visitor logs. Given the nature of the charges, it is not inconceivable that the defendant may have communicated with representatives of the Chinese government which, aside from Consular Services, in and of itself may be incriminating. "The key is weighing the likelihood that the subpoena will uncover relevant evidence and the potential probative force of that evidence, against the burden of complying." *Smith* 2020 WL 4934990 at *4. The probability of uncovering

evidence outweighed the minimal burden on the MCC, as they provide these type of records on a regular basis.

The defendant further argues that Rule 17(c) subpoenas cannot be used as discovery devices. That did not happen here nor does the defendant allege that the government issued the subpoena to obtain discovery. The prohibition applies to subpoenas issued to the government by a defendant who is trying to skirt the Rule 16 discovery rules. "So a subpoena would be 'unreasonable' if it sought from the *government* more than what other criminal-discovery rules allow. That reading of 'unreasonable' does not apply to subpoenas issued to third-parties." *Smith*, 2020 WL 4934990 at *3. (emphasis in the original).

B. Rule 17(h) is Inapplicable

The defendant's alternative argument in support of his motion is that the government improperly violated Rule 17(h) which prohibits the use of Rule 17 subpoenas to obtain statements of witnesses. Rule 17(h) defers to Fed. R. Crim. Pro. 26.2, which pertains to the discovery of witness statements. The defendant argues that, because the defendant is a potential witness at trial, the government improperly attempted to obtain his statement.

This novel argument is not supported by any case law and fails for several reasons. First, Rule 26.2, which codifies the Jencks Act into the Federal Rules of Criminal Procedure, requires either party to produce a witness's relevant statement after the witness finishes testifying on direct examination. The purpose of the Jencks Act, is to "afford the defense a basis for effective cross-examination of government

7

witnesses and the possible impeachment of their testimony without overly burdening the government with a duty to disclose all of its investigative material." *United States v. Johnson*, 200 F.3d 529, 534 (7th Cir. 2000); *Goldberg v. United States*, 425 U.S. 94, 107 (1976). Rule 26.2 expands the Jencks Act to include a reciprocal requirement on the part of the defendant to produce statements of defense witnesses. *United States v. Wicktor*, 403 F. Supp. 2d 964, 965 (D. AZ 2005). Simply put, the purpose of the rule is to allow the non-calling party to be able to impeach the witness.

The purpose of the government's subpoena, however, was not to impeach the defendant on the off chance that he testifies but to obtain statements of the defendant, as well as call logs and visitor logs, that can be used as evidence in the government's case-in-chief at trial, regardless of whether the defendant testifies. The government's subpoena, therefore, was not improperly issued and was not in violation of the Rule 17(h) or Rule 26.2.

Second, the defendant argues that Rule 17(h) protects statements of the defendant the same as it protects statements of any other witness. This is simply not the case as Rule 26.2 treats a defendant's testimony different from the testimony of other witnesses - Rule 26.2 specifically excludes the requirement that the defense produce the defendant's statements. The rule states "After a witness *other than the defendant* has testified on direct examination…" (emphasis added).

Under the defendant's theory, the government would never be able to obtain a defendant's statement, in whatever form, once a case was indicted because of the chance that a defendant may testify. But because Rule 26.2 specifically excludes

8

defendant's statements then, by extension, Rule 17(h) excludes them as well and does not prohibit the collection of defendant's statements through Rule 17(c) subpoenas. In other words, Rule 26.2 is a mechanism to allow parties to obtain witness statements from each other for purposes of cross-examination, but the rule does not pertain to statements of defendants. That exception, therefore, allows the government to collect a defendant's statement through other means.

## Conclusion

For these reasons, the government respectfully requests that this Court deny the defendant's motion to quash the government's Rule 17(c) subpoena.

                                      Respectfully submitted,

                                      JOHN R. LAUSCH, Jr.
                                      United States Attorney

By:   /s/ *Barry Jonas*
       BARRY JONAS
       SHOBA PILLAY
       Assistant United States Attorneys
       219 South Dearborn Street, 5th Floor
       Chicago, Illinois 60604
       (312) 353-5300

Dated: September 1, 2020