UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 611 |
| v. | Judge Ronald A. Guzman |
| JI CHAOQUN | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT DEPOSITION TESTIMONY**

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits this Motion *In Limine* to Admit the Rule 15 deposition testimony of Weiyun Huang.

## I.    Background

On March 19, 2022, the government filed a motion requesting authorization to take the deposition, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, of Weiyun Huang, also known as "Kelly Huang." R. 220. Huang was the founder of Findream, an organization that ostensibly provided employment, through an Optional Practical Training (OPT) program, to Chinese nationals who were F-1 student visa holders. The OPT employment allowed the Chinese nationals to remain in the United States. In reality, Huang, through Findream, provided false employment documents for a fee to Chinese nationals, including the defendant.

The government's motion met the requirements for a Rule 15 deposition, specifically that the witness would be unavailable to testify during the trial and that the testimony is material. On March 22, 2022, the Court granted the motion. R. 226.

On April 6th, 2022, the deposition took place in this courthouse. The deposition was video recorded and a court reporter was present and created a transcript. In total, the deposition last approximately 70 minutes. The witness was questioned by the government, cross-examined by the defense, re-directed and re-crossed. The parties made objections on the record but the witness was allowed to answer the questions, pending the Court's ruling.

## II.    Argument

Federal Rule of Criminal Procedure 15 states that,

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Federal Rule of Criminal Procedure 15(f) provides that "an order authorizing the deposition to be taken under this rule does not determine its admissibility." Huang's testimony has been preserved. The government now seeks to admit the videotape of the testimony at trial.

*The Witness is Unavailable*

Pursuant to Rule 15(f), the granting of the underlying motion to take the deposition does not guarantee the admissibility of the deposition at trial – the government would still need to establish the witness's unavailability at the time of trial. *United States v. Drogoul*, 1 F.3d 1546, 1554-55 (11th Cir. 1993); *United States v. Cooper*, 947 F. Supp. 2d 108, 114 (D. DC 2013).

A witness is unavailable at the time of trial if the proponent is unable "by process or other reasonable means, to procure (A) the declarant's attendance, in the

case of a hearsay exception under Rule 804(b)(1) or (6)." Federal Rule of Evidence 804(a)(5)(A).

Huang is living in China and is beyond the reach of the United States government or this Court. She testified during the deposition that she was in the process of returning to China (Exhibit 1. Deposition Transcript p. 55-56) and on April 11, 2022, Huang left the United States for China on Xiamen Air[1] flight 830 from Los Angeles to Xiamen, China (*See* Exhibit 2, a Customs and Border Protection record of Huang being on board the Xiamen Air flight, and Exhibit 3, an invoice from Grand Asia travel agency in New York[2]). As this Court has held, "Given the nature of the charges against Defendant and the witness's facilitation of Defendant's alleged conduct, the Court finds that if Ms. Huang were allowed to return to the People's Republic of China, it would be impracticable to secure her return to the Northern District of Illinois to testify at Defendant's criminal proceedings." R. 227. Because she now lives in China, the government is unable, by process or other reasonable means, to procure her attendance at trial. In short, she is unavailable.

*The Defendant Had An Opportunity to Cross-Examine the Witness*

Federal Rule of Evidence 804(b)(1) allows for the admission of former testimony if the testimony "(A) was given as a witness at a…lawful deposition" and

---

[1] https://www.xiamenair.com/en-us/

[2] https://www.agencydb.org/grand-asia-travel-agency-inc

"(B) is now offered against a party who had…an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

"Federal Rule of Evidence 804(b)(1) governs the admissibility of former testimony given by a witness who is unavailable to testify at trial. Under that rule, former testimony by an unavailable witness is not excluded by the hearsay rule if 'if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.' Fed.R.Evid. 804(b)(1)." *United States v. West*, 790 F. Supp. 2d 673, 683 (N.D. Ill. 2011).

The deposition testimony was videotaped and transcribed. As the Court can see from the videotape[3] and/or can determine from a review of the transcript (Exhibit 1), the defendant was able to, and did, fully cross-examine the witness.

Moreover, the taking of the deposition to preserve the testimony does not violate the Confrontation Clause. *United States v. McGowan*, 590 F. 3d 446, 456 (7th Cir. 2009) ("[T]he videotapes allowed the jury to fully experience [the witness's] testimony, to view her demeanor, to hear her voice and to determine her credibility. We have already held that there is no Confrontation Clause violation when admitting fully cross-examined testimony preserved by a properly conducted Rule 15 deposition."); *See also United States v. Gigante*, 166 F. 3d 75, 81 (2nd Cir. 1999); *United States v. McKeeve*, 131 F.3d 1, 9 (1st Cir. 1997).

---

[3] A copy of the videotape can be provided to the Court.

Huang is unavailable, the defendant was able to cross-examine her and her testimony was preserved, allowing the jury to hear her voice and view her demeanor. Her testimony is admissible pursuant to Federal Rule of Evidence 804(b)(1).

**III.  Objections**

During the deposition both parties objected to questions but allowed the witness was to answer the questions. The government proposes that the Court hold a hearing during which the Court can rule on the parties' objections and the videotape can then be edited accordingly. At trial, the government will play the edited video for the jury.

**CONCLUSION**

For the reasons stated above, the government respectfully requests the Court grant the government's motion to admit the deposition of Weiyun Huang.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By:   */s/ Barry Jonas*
BARRY JONAS
VIKAS DIDWANIA
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Dated: May 5, 2022