UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America,**<br>         Plaintiff,<br>     v.<br>**Ji Chaoqun,**<br>         Defendant. | No. 18 CR 611<br><br>Ronald A. Guzmán |

### PROTECTIVE ORDER PURSUANT TO CLASSIFIED INFORMATION PROCEDURES ACT §§ 4 AND 6(c), AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

Upon consideration of the motion of the United States of America, *ex parte, in camera* and under seal, pursuant to Sections 4 and 6(c) of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1), for an order authorizing the government to delete certain classified materials from discovery and provide summaries in lieu of those materials, the COURT hereby FINDS the following:

The government has in its possession information from the Federal Bureau of Investigation ("FBI") concerning an FBI Undercover Employee ("UCE"). The government intends to call the UCE at trial in the above-captioned matter. The UCE's true identity as well as physical appearance, contact information, and any other information that could lead to disclosure of his/her identity, is classified at the "SECRET" level with respect to this matter and other investigations not related to the above-captioned matter.

The government has presented the Court with a classified declaration from Nikki L. Floris, acting Assistant Director of the FBI's Counterintelligence Division, an original classification authority, and the individual responsible for the protection of classified information within the

Counterintelligence Division, in which the government has properly invoked its classified information and national security privilege with respect to the classified material.

Based on the foregoing findings, the Court hereby CONCLUDES that the government has made a sufficient formal claim of its classified information and national security privilege over the classified information. *See* Floris Decl.

Accordingly, pursuant to Sections 4 and 6(c) of CIPA, 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1),

**IT IS HEREBY ORDERED** that:

The alternative measures proposed by the government are reasonable and necessary to protect from disclosure the true identity of the UCE the government anticipates calling to testify at trial;

Disclosure of the true identity of the UCE would jeopardize other undercover investigations in which he/she is or will be involved;

The UCE has a real and substantial risk of danger to himself/herself and their family if his/her true identity is disclosed;

Disclosure of the true identity of the UCE could compromise the government's undercover investigative procedures, which could impair other ongoing undercover operations; and

Disclosure of information about the FBI's Undercover Training Programs could cause serious damage to the national security of the United States.

Based on these findings, and any additional findings made on the record, the following procedures will be utilized to protect the true identity of the UCE and the FBI Undercover Training Program at trial:

1. The witness will testify at trial using a pseudonym without publicly disclosing his/her true identity;

2. Defense counsel will be prohibited from cross-examination that is designed to elicit at trial any identifying information about the witness, including name, address, date or place of birth, or any other personal information;

3. Defense counsel will be prohibited from cross-examination that is designed to elicit at trial any information about the witness's participation in other past and pending investigations or undercover operations;

4. Defense counsel will be prohibited from cross-examination designed to elicit at trial any information about the FBI's Undercover Training Programs;

5. Only the Court, essential courtroom personnel, the jury, Defendant and his counsel, Defendant's immediate family members, and the government's trial team may be present in the courtroom during the testimony of the UCE;

6. To the extent necessary, the government will digitally obscure the UCE's face in any video that is played over CCTV feed and that is viewable by the public;

7. There will be no recordings of the UCE's voice apart from the official court record; and

8. The UCE will be allowed to enter the courtroom from a non-public entryway.

9. The Protective Order sought by this motion may only be modified through a written superseding order issued by the Court, and the procedures set forth herein will remain in effect until further order from the Court.

**IT IS FURTHER ORDERED** that the government's classified motion and accompanying information shall not be disclosed to the defense and shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the

4

designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

**Date**:  July 7, 2022

                                               */s/ Ronald A. Guzmàn*
**Ronald A. Guzmàn**
**United States District Judge**