**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JI CHAOQUN | No. 18 CR 611<br><br>Judge Ronald A. Guzman |

**Government's Supplemental Response to Defendant's Motion in Limine to Preclude the Government's Proposed Rule 1006 Exhibit**

The United States, through its attorney, John L. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits this Supplemental Response to the Defendant's Motion in Limine to Preclude the Government's Proposed Rule 1006 Exhibit.

On May 13, 2022, the defendant filed a motion to preclude the government's proposed Rule 1006 summary exhibit (R. 270). On May 16, 2022, the government filed its response (R. 272).

During the pre-trial conference on August 30, 2022, the Court expressed some reservations about the government's summary because it was comprised of information that was derived from multiple sets of documents, and that, therefore, it may be argumentative. The Court based its opinion on an earlier version of the summary. At the conference, the government provided the Court with an updated version that appeared to address some of the Court's concerns. The government submits this supplemental response to the defendant's motion to provide the Court

with additional authorities in support of the government's position that Rule 1006 summaries are not required to be summaries of only one source of documents.

The government's summary exhibit reflects, in translated verbatim, the communications between the defendant, his co-conspirators, and third parties. The communications were derived from the defendant's electronic devices, his email accounts, or the electronic devices from a co-conspirator. The summary spreadsheet also includes relevant images located on the defendant's phones as well as dates of his travel between the United States and China that came from a document produced by the Customs and Border Protection. All of the communications and the images in the summary chart pertain to the defendant's relationship to the Chinese Ministry of State Security. The defendant has objected to the Rule 1006 summary on the grounds that it is argumentative.

The purpose of a Rule 1006 summary is to reflect the contents of voluminous documents that "cannot be conveniently examined in Court," Fed. R. Evid. 1006, but "it is not necessary that the documents be so voluminous as to be literally impossible to examine." *United States v. Bray*, 139F.3d 1104, 1109 (6th Cir. 1998), *citing United States v. Scales*, 594 F.2d 558, 562 (6th Cir. 1979). Here, the government has provided copies of the underlying records to the defendant and the government intends to seek their admission.

The underlying records consist of hundreds of communications between the defendant and others, or, in a few instances, communications among his co-conspirators regarding the defendant, that were spread across multiple electronic

devices and email accounts in a variety of formats. The purpose of the proposed summary chart is to "recapitulate the numerous and voluminous exhibits that had already been introduced into evidence and that were difficult to sort out." *United States v. Robbins*, 197, F.3d 829, 837 (7th Cir. 1999). *See also United States v. Stoecker*, 215 F.3d 788, 792 (7th Cir. 2000). The *Robbins* summary exhibit the Seventh Circuit approved was similar to the summary exhibit that the government proposes to present in this matter, as the *Robbins* summary exhibit "summarized this documentary evidence which was comprised of telephone records, hotel and truck rental receipts, and credit card charges." *Id*. at 836. Here, like the *Robbins* summary exhibit, the government's summary exhibit is based on documents from multiple sources and organizes the voluminous information in a manner that makes it convenient to be reviewed in court. Similar to the *Robbins* summary exhibit, the government's summary exhibit also includes the specific exhibit number of the original, underlying documents. *Id*. at 837. In *Stoecker*, the Court instructed the jury to analyze the underlying evidence on which the charts were based. *Stoecker*, 215 F.3d at 872. The government welcomes a similar jury instruction.

Other courts have upheld the use of summary exhibits that are a compilation of documents from different sources. For example, in *United States v. Williams*, 952 F.2d 1504, 1519 (6th Cir. 1991), the government's summary exhibit "consisted of a compilation of information obtained from telephone records, limousine records, surveillances, and tape recordings of the conversations between defendant and William Freeman." The *Williams* summary exhibit was described by the court as "a

3

chronology of the significant events that occurred on each of those days." Similarly, the government's proposed summary exhibit is a chronology of communications and events surrounding the defendant's involvement with the MSS. The *Williams* summary exhibit was a "'classic visual aid' and admitted…to aid the jury in its analysis of the proof in this case." *Id*. The government's intention with its proposed summary chart is the same – to bring together the relevant communications and supporting images into one document to aid the jury during its analysis of the evidence.

The defendant has complained that the government's summary exhibit does not include every single communication with the individuals found on the defendant's devices. The government is not required to include the defendant's version of the facts so long as the summary accurately reflects the documents it summarizes. *United States v. Swanquist,* 161 F.3d 1064, 1072-73 (7th Cir. 1998) ("A party is not obligated to, however, to include within its charts or summaries is opponent's version of the facts."). Here, the underlying records will be admitted and a witness will be available for cross-examination, so the defendant will have every opportunity to make his points about excluded communications. *See United States v. White*, 737 F.3d 1121, 1136 (7th Cir. 2012) ("Finally, to the extent that the defendants argue that the chart did not contain other types of information that they wished it did have . . . the defendants were free to cross-examine the spreadsheet's creator to bring out that information.").

If necessary and in order to alleviate any of the Court's concerns regarding the multiple sources of information contained within the government's proposed summary chart, the government can remove the references to the images found on the defendant's electronic devices (except where an image is embedded in a communication) as well as the references to the defendant's travel, leaving only his and alleged co-conspirator communications in the spreadsheet. The Seventh Circuit has previously approved a government summary exhibit that identifies for the jury the key communications. *See United States v. Rivera*, 153 F.3d 809, 811-12 (7th Cir. 1998) (upholding the admission of a "compilation [tape] of the most relevant phone calls" intercepted by the government, and approvingly citing *United States v. Denton*, 556 F.2d 811, 816 (6th Cir. 1977), which upheld the admission of a compilation tape under Rule 1006).

## Conclusion

The government requests that the Court deny the defendant's motion regarding the communications timeline and allow the government to admit the proposed Rule 1006 summary exhibit.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By:    /s/ *Barry Jonas*
BARRY JONAS
VIKAS DIDWANIA
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Dated: September 2, 2022