IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS**

Defendant **Ji Chaoqun**, by and through his attorneys, **Cheronis, Parente & Levitt,** pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as the other authority cited herein, respectfully submits the following additional proposed instructions.

**I.      Response to the Government's Amended Instructions (Dkt. # 350).**

Regarding the Government's Preliminary Instruction No. 1 (modified) (appearing on pp. 2-3 of Dkt. # 350), counsel requests the following language be added where the government's proposal leaves off:

> The reason that you may not consider any information from outside sources is because it is not fair to either side if you are influenced by these sources.
>
> The government has a right to present their case and Mr. Ji has the right to defend his case based only on the evidence you see and hear in court.
>
> We can all think of situations in our own lives where we have been unduly or unfairly influenced by outside sources or information. A good example would be reading a bad movie review before seeing a movie. Try as you might, the opinion expressed by the reviewer may taint your view of the movie and your ability to judge it on its own

terms. If the reviewer reported some unfavorable personal anecdote about one of the actors, it may hinder your ability to pay attention or give you a bias against that particular person.

The best way to give a fair trial to both parties is to refrain from any outside influences that may affect your judgment or hinder your ability to be fair and impartial during these proceedings and that is why you must refrain from consulting any outside sources.

\*\*\*

Counsel and Mr. Ji object to the government's proposed elements instruction for count two. Dkt. # 350 pp. 4-5. There are two concerns with the government's proposed instruction. First, the government carefully added additional language that appears nowhere in the statute. Specifically, in ¶ 4, the government phrased the elements to read, "the defendant acted, **at least in part,** as an agent for the government or an official of the People's Republic of China in the United States." The bolded language stating that the qualifying "act" must have occurred only "in part" in the United States is language of the government's own crafting. It does not appear in the language of the statute itself, which straightforwardly reads "[w]hoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General. . . ." The insertion of this language risks lessening the proof required to sustain a conviction, or otherwise distracting or confusing the jury from the singular focus it must have when considering this count: whether or not Mr. Ji acted as an unregistered foreign agent in the United States, regardless of whether or not he did so elsewhere.

The second concern is with the government's additional descriptive language regarding what it means to be a "foreign agent" in the context of § 951. This language is derived from the Fourth Circuit's opinion in *United States v. Rafiekian*, 991 F.3d 529, 541 (4th Cir. 2021). The government included only the language favorable to it, and omitted the Fourth Circuit's discussion of limitations

on the concept. Its instruction is therefore biased, slanted, and a non-neutral recitation of the law. Counsel therefore offers competing **§ 951** instructions below, but requests that the additional descriptive language necessarily include the following: "[the alleged] agreement cannot be one-sided, and a person does not become an "agent" simply by acting in accordance with foreign interests or by privately pledging allegiance." *See Rafiekian, supra.*

II.   Submission of Previously Reserved Instructions

**Government Instruction No. 11 (Seventh Circuit Committee No. 3.09).** The defense objects to this instruction without further elaboration and clarification of the voluntariness inquiry, given the unique and significantly contested issue related to statements Mr. Ji allegedly made to an undercover FBI agent posing as a member of Chinese intelligence that are expected to constitute a significant portion of the government's case. Counsel reincorporates all previous arguments raised with respect to this issue, including Mr. Ji's motion to suppress statements made to an undercover agent (Dkt. # 144), and the briefing regarding Professor Donald Clarke (Dkt. # 289, 291, 293-295). This instruction is requested to be given as follows:

> You have heard testimony that the defendant made statements to law enforcement, including agents acting in an undercover capacity.
>
> The defense has contended that because the government utilized the endorsement of the Chinese government to elicit these statements, and thus Chinese legal doctrines requiring its citizens to answer questions as well as the extra-legal means that country relies upon to achieve its objectives, Mr. Ji's statements were "involuntary."
>
> You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

> A confession is voluntary only if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception."
>
> This inquiry requires you to consider the totality of circumstances surrounding the statements and examiner "whether the defendant's will was overborne by the circumstances surrounding the giving of" the statement.
>
> You may not consider the statements for any purpose if you find that they were "involuntary" as I have explained the concept within these instructions.

*See* 18 U.S.C. § 3501; *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *see also United States v. Dillon*, 150 F.3d 754, 757 (7th Cir. 1998) (a confession is voluntary only if "the confession is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will"); *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).

**Government's Instruction No. 18 (Seventh Circuit Committee No. 3.19).** During the August 4, 2022, pretrial conference, when addressing the defense objection to this instruction, the Court stated the following:

> [M]y take on the defense objection is that they have strong reservations about the evidence resulting from the government's use of this technique. That is separate and apart from, in my opinion, whether the use of the technique itself is appropriate or not.
>
> Cleary the use of the technique, including an undercover FBI agent posing as anything, a gang member, a member of a conspiracy group or a member of the MSS, is permitted, and there shouldn't be any instruction given that would undermine that concept.
>
> It seems to me that what the defense is arguing is that they think that the evidence should be considered—that part of what should be considered in determining the weight of the evidence is the fact that the defendant believed he was speaking to an MSS agent.

> But that argument you can make. And, in fact, when it says you should consider the evidence obtained this way, together with and in the same way you consider the other evidence, that's really actually the law, isn't it? And they can take into account and they should take into account all of the circumstances, including what the agent said, who he posed himself to be, the conversations, etc. all of the factors.
>
> [...] I guess my view would be that if the defense feels that the language regarding "take into account and consider this evidence the same way you consider other evidence," if you want to enlarge that to some extent so that the jury is aware of the fact that they can consider all of these things, that I think would be appropriate.
>
> I'm trying to think of – I certainly don't think that the instruction usurps the function of the jury, as the defense objects here. I think it does just the opposite. It tells the jury, you are the ones who consider the weight, if any, you want to give this evidence.
>
> What you can't consider is that it's improper for the government to use an undercover agent, because that's not improper. Whether it's an undercover agent of the MSS, claiming to be an MSS agent or someone claiming to be a member of the P. Stone Nation, it's all the same. I don't see anything special there.
>
> But if you want to craft some language that makes it clear to the jury that just because the investigative technique is perfectly ok, they don't have to believe the results of it, that I think would be worth looking at.

August 4, 2022 Transcript pp. 16-18. The discussion continued from there, with the Court noting that it "would be happy to see either side draft an instruction," and ultimately holding ruling in abeyance depending on how the evidence and arguments play out at trial. *Id.* at pp. 18-19. While the defense stands on its previous objection, in accordance with the foregoing, counsel submits the following as an alternative, modified proposal:

> You have heard evidence obtained from the government's use of [undercover agents; informants; deceptive investigative techniques]. The government is permitted to use these techniques. However, that does not mean you are required to accept the evidence obtained from these techniques or even that you must agree with the use of such techniques. You alone get to determine the weight to give that evidence, and you should consider evidence obtained this way together with and in the same way you consider the other evidence.

**Government Instruction No. 21 (Seventh Circuit Committee Instruction No. 5.08A).** Counsel reasserts this objection in full, but in accordance with the Court's comments during the August 4, 2022 jury instruction conference (Transcript pp. 22-23), modifies the additional requested language (in particular, offered in accordance with the Committee Commentary in subsection (c)), to read as follows:

> To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that the defendant had an agreement or mutual understanding with at least one other person to commit a violation of § 951; that is, to act as an unregistered foreign agent without prior notification to the Attorney General.

**Government Instruction No. 22 (Seventh Circuit Committee No. 5.09).** Counsel previously requested and persists in the request that this instruction be modified as follows:

> A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal[s] [was; were] not accomplished.
>
> *[A conspiracy cannot be inferred from ambiguous conduct that is consistent with both lawful and unlawful action.]*
>
> **This conspiracy, in particular, is alleged as an agreement to violate 18 U.S.C. § 951; that is, the allegation in count one is an agreement for the defendant to act as a foreign agent in the United States without prior notification to the Attorney General. In other words, it is alleging not just that he agreed to be an agent of the Chinese government, but furthermore, that he agreed to act in the United States in that capacity without prior notification to the Attorney General.**
>
> In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

At the August 4, 2022 pretrial conference, the Court stated that it "would consider stressing to the jury that the agreement with respect to a conspiracy is an agreement that has to involve an agreement

6

to do an act which is a violation of 951. It's not enough that he agreed to be an agent of the Chinese government. But so I would—I would take that under consideration, and I think that's a plausible concern." Transcript. p. 24. Counsel has thus modified this proposal to further include the bolded language set forth above. The Court has already ruled that it will not give the italicized language, but is included here for comprehension between the various filings. *See* Transcript p. 26.

**Government Instruction No. 24 (18 U.S.C. § 951 Elements) (Defense Instruction No. 4).** Counsel proposes the element instruction for count two, which charges a violation of 18 U.S.C. § 951, be given as set forth below, while preserving the challenge to the Court's findings regarding the legal commercial transaction element. Additional statutory terms requiring definition are proposed in subsequent instructions separate from the offense elements.

> Count two of the indictment charges the defendant with failing to provide the attorney general prior notification before acting in the United States as a foreign agent. In order to prove the defendant guilty of this count, the government must prove the following elements beyond a reasonable doubt:
>
> 1. That the defendant acted;
>
> 2. As an agent of a foreign government;
>
> 4. That he did so knowingly;
>
> 5. That he performed such an "act" in the Northern District of Illinois during the time period alleged in the indictment;
>
> 6. And that he failed to provide notification to the Attorney General prior to so acting.
>
> *See, e.g., United States v. Turner*, 13 CR 572 (N.D. Ill. 2014) (Bucklo, J.) (Dkt. # 211); 18 U.S.C. § 951.

7

**Defense Instruction No. 6 (From Dkt. # 310) (§ 951 "Act" Unanimity).**

> To find the defendant guilty of acting in the United States as an agent of a foreign government without prior notice, you must unanimously agree as to the act [or acts][1] he performed in the United States as an agent of the foreign government.

*See United States v. Ji*, 2020 WL 1689826, *2 (N.D. Ill. 2020) (defining § 951 as requiring proof that the defendant act[ed] in the United States as an agent of a foreign government without prior notification to the Attorney General"); *United States v. Dumeisi*, 03 CR 664 Dkt. # 105 (providing substantially similar unanimity instruction); *People v. Turner*, 13 CR 572 (N.D. Ill. 2014) (Bucklo, J.) (Dkt. # 211); 18 U.S.C. § 951(a).

**Defense Instruction No. 9 (From Dkt. # 310) ("Scheme to Defraud" Modified).** There are going to be a number of legally complex nuances to the defense regarding the wire fraud charges, including the issues of whether the government has properly proven a "scheme to defraud" as opposed to a scheme to do some other wicked thing, that involved "material" representations and an "intent to defraud" the Army out of the relatively minor sums that has been alleged. Therefore, counsel proposes this instruction with additional language explaining those relevant and contested nuances as follows:

> A scheme is a plan or course of action formed with the intent to accomplish some purpose.
>
> A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money […] or cause the loss of money to another by means of materially false or fraudulent pretenses, representations, or promises.
>
> \*\*\*
>
> Furthermore, a scheme to defraud is not the same thing as a scheme to lie, trick, or otherwise deceive. Rather, when I use the term "scheme to defraud," I do not mean

---

[1] The reference to multiple acts would, as argued, constitute a constructive amendment of the superseding indictment, but is included here contingent on the Court's ruling.

schemes that do no more than cause their victims to enter into transactions that they would otherwise avoid, but only those in which the defendant lies or makes a misrepresentation about the nature of the bargain itself.

Therefore, if you find that Mr. Ji provided and/or intended to provide the services for which the United States Army paid him as specified in counts three and four, then no "scheme to defraud" exists even if you find that some deception was involved.

\*\*\*

Furthermore, the object of the scheme to defraud must be to obtain "money." This means that obtaining money must play more than some bit part in the scheme. Or put differently, the scheme cannot be said to have money as its object if the loss of money to the Army was only an incidental byproduct of the scheme. *Kelly v. United States*, 130 S. Ct. 1565 (2020).

**Defense Instruction No. 11 (Seventh Circuit Committee No. 3.03).** Although the Court previously overruled this instruction, counsel reasserts given its critical importance and wishes to argue further. Furthermore, the Court did state where applicable that it was "leaning" towards striking "or property" from "money or property" when applicable in reference to the necessary object of the fraud scheme.

> The crime of wire fraud, pertains only to schemes to defraud that are designed to fraudulently obtain "money." "Maintaining lawful immigration status," "successful enlistment in the United States Army," and "obtaining citizenship" do not constitute "money" within the meaning of this alleged offense.

*See McNally v. United States*, 483 U.S. 350, 360 (1987); *Cleveland v. United States*, 531 U.S. 12, 18 (2000); Dkt. # 77 p. 16 ("Defendant is correct that the government is not deprived of money or property by issuing a visa or citizenship as a result of fraud for purposes of the wire fraud statute").

9

### B. Additional Requested Instructions Based Upon The Court's Ruling Barring Professor Clarke & Nick Lewin's Testimony.

#### i. Instructions Regarding Relevant PRC Law & Voluntariness

The People's Republic of China has its own set of laws which, according to its black-letter dictates, obligates its citizens to cooperate with government officials and to assist in intelligence and national security matters when called upon to do so.

One such law, passed on July 1, 2015, is referred to as the 2015 National Security Law. Articles 7 and 14 of that law, specifically, provide the following:

> **Article 7:** Any organization or citizen shall, in accordance with the law, support, assist and cooperate with national intelligence work, and keep confidential the secrets of national intelligence work that come to its or his/her knowledge.
>
> The state shall protect individuals and organizations that support, assist and cooperate with national intelligence work.
>
> **Article 14:** A National Intelligence Work Agency may, when carrying out intelligence work pursuant to the law, require relevant organs, organizations and citizens to provide necessary support, assistance and cooperation.

In summary, these provisions provide that citizens and other entities are required to "assist and cooperate" with national intelligence work, and to maintain the confidentiality of that work.

The term "assist and cooperate" in these clauses does not have a legal definition and are largely left open to interpretation by Chinese state, government, and intelligence officials who are in no way meaningfully constrained by formal legal dictates.

These obligations do not cease to be effective at the "water's edge"; that is, they do not have territorial restrictions and are imposed by the Chinese state on its citizens regardless of where they are located in the world. In other words, the formal legal requirement that Chinese citizens assist and cooperate in national intelligence work remains in effect for all Chinese citizens, whether located in China, in the U.S., or elsewhere.

Article 14 uses the word "necessary" to qualify what it means by support, assistance, and cooperation. This is a subjective term that, practically speaking, refers to whatever the Chinese government deems to be, in fact, "necessary." Furthermore, the terms "support, assistance, and cooperation" are all vague yet affirmative terms that can require citizens to do just about anything when the state makes such a request.

No formal mechanisms exist to enforce these requirements.

The safeguard provision contained in Article 7 is understood to be meaningless, ineffective, and not a clause upon which anyone could reasonably rely.

In addition to Articles 7 and 14 of the 2015 NSL, The State Security Law, passed July 1, 2015, in Chapter Six, reiterates the duties and rights of citizens, including that they must truthfully provide known evidence involving activities that endanger national security and providing necessary support and assistance to national security organs, public security organs, and military organs.

The Criminal Procedure Code of the People's Republic of China, as amended March 14, 2012, provides specific obligations for citizens either suspected of a crime or of being a witness to one to answer relevant questions truthfully when requested. *See, e.g., id*. at Art. 118, 123.

ii. **Additional Instructions Regarding the Legal Commercial Transaction Defense**

The defendant has asserted as a defense to count two the affirmative defense that his alleged conduct of purchasing the commercial background reports that you have heard evidence and testimony regarding constituted a legal commercial transaction.

\* \* \*

11

The term "legal commercial transaction" means "any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations."

 * * *

If an individual is engaged in a legal commercial transaction, even on behalf of or at the direction or control of a foreign government or official, then that individual is not to be considered an "agent of a foreign government" under § 951.

 * * *

You have heard evidence and testimony regarding the terms of service utilized by certain background report companies. Corporate terms of service are not a "state or federal law or implementing regulation," and therefore, it is not relevant to count two if Mr. Ji's alleged conduct, as you find it, violated one of those regulations.

 * * *

 If you find that the [only] "act" in the United States performed by the defendant was a legal commercial transaction, you must find the defendant not guilty.

 If you find that [an / the only] "act" in the United States performed by the defendant was not a legal commercial transaction, and the other elements of the offense are proven beyond a reasonable doubt, then you must find the defendant guilty.

        Respectfully submitted,

        <u>s/ Damon M. Cheronis</u>
        **Damon M. Cheronis**

        <u>s/ Ryan J. Levitt</u>
        **Ryan J. Levitt**

        <u>s/ Christopher V. Parente</u>
        **Christopher V. Parente,**
        Attorneys for Defendant.

**Cheronis, Parente & Levitt LLC**
140 S. Dearborn Street Suite 404
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com
cparente@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on September 9, 2022, I electronically filed the foregoing Brief with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Cheronis, Parente & Levitt LLC
140 South Dearborn Street, Ste. 404
Chicago, Illinois 60603
damon@cheronislaw.com
