IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 18 CR 611 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | |
| JI CHAOQUN | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO THE GOVERNMENT'S MOTION TO BAR THE LEGAL COMMERCIAL TRANSACTION DEFENSE

Defendant, **Ji Chaoqun**, by and through his attorneys, **Cheronis, Parente & Levitt,** pursuant to the Due Process and Effective Assistance of Counsel Clauses to the Constitution of the United States, 18 U.S.C. § 951, as well as the other authority cited herein, respectfully submits the following supplement to his response to the government's motion to bar the legal commercial transaction defense to count two of the superseding indictment.

Prior to trial the parties briefed the issue as to whether the defense would be permitted to present the "legal commercial transaction defense" with regards to the purchase and transfer of the background reports allegedly sent by Mr. Ji to Mr. Xu. The Court indicated that it tended to agree with the government's point that the legal commercial transaction defense would not be viable because, to paraphrase, the government has alleged multiple acts in the superseding indictment. The Court nonetheless offered the defense the opportunity to provide a supplemental response.

Initially, it is necessary to point out that the government did not offer any authority to support its assertion that the legal commercial transaction defense cannot be presented at trial unless it applies to all "acts" alleged in the indictment.

The fact is that given the rarity of § 951 prosecutions, let alone those proceeding to trial, counsel is unaware of a single one in which the legal commercial transaction defense was ultimately put before a jury. Even in the oft-discussed *Rafiekian* case, that was not the defense, because, by all accounts, the defendant's alleged "political" activities separately constituted an alleged violation of the FARA statute.

Therefore, the point can necessarily be argued only by way of analogy to other offenses. For example, in civil RICO claims, the Seventh Circuit has recognized that partial affirmative defenses can be put forth to "knock out" specific predicate acts, even when other predicates remain viable. *See Carr v. Tillery*, 591 F.3d 909 (7th Cir. 2010). Even in the criminal context, given the time limitations on this filing, counsel has yet to locate an appellate decision discussing a similar set of facts. However, counsel is aware that pending before Judge Tharp in *United States v. Blackman*, 18 CR 728, Dkt. # 201, is defendant's motion to sever counts based on the fact that the racketeering conspiracy alleges seven murders, and the defendant intends to present the affirmative defense of self-defense to one of those predicates, but apparently intends to hold the government to its burden of proof as to the others. The motion is awaiting ruling, but the government has responded in opposition to severance, but has not argued that it would be improper to argue a partial affirmative defense. And this makes good sense—it is of course conceivable that a defendant could present an entrapment defense to some predicates in a RICO case, an alibi to others, and even leave the government to its burden as to more still. The same principles would apply to a drug conspiracy

alleging multiple transactions, any robbery-based conspiracy charge, or any category of offense that requires proof of something even remotely analogous to the "act" or "acts" at issue here.

In any event, to the extent there is case law on the subject—though the government has cited none—it all tends to suggest that an affirmative defense can logically—and constitutionally must be permitted—to be presented to some discreet acts, even if the government will be left to its burden of proof as to others. *See, e.g., United States v. Grapp*, 653 F.2d 189, 194 (5th Cir. 1981) (discussing alibi instruction to only one of multiple predicate acts underlying racketeering charge that was denied on other technical grounds); *United States v. Delgado*, 971 F.3d 144 (2d Cir. 2020) (recognizing extreme emotional disturbance as constituting partial affirmative defense to murder under New York State law); *United States v. Tarallo*, 380 F.3d 1174 (9th Cir. 2004) (discussing 15 U.S.C. § 78ff's partial affirmative defense to mitigate punishment); *Shenandoah Life Ins. Co. v. Hawes*, 37 F.R.D. 526 (E.D.N.C 1965) (citing multiple cases recognizing axiomatic principle in civil context that "[i]t is also recognized that because the defense is not complete in that it is a 'partial defense,' it will not be stricken as an insufficient defense. . . ."); *United States v. Steward*, 880 F.3d 983, 987 (8th Cir. 2018) ("voluntary manslaughter functions . . . like a partial defense to murder"); *United States v. Smith*, 7 Fed. Appx. 772 (9th Cir. 2001) ([d]escribing how "[a]dvice of counsel is a partial defense offered to disprove a *mens rea* element of a crime"); *United States v. Gonzalez*, 596 F.3d 1228 (10th Cir. 2010) (discussing withdrawal from conspiracy as affirmative defense); *United States v. Brown*, 276 F.3d 930, 933 (7th Cir. 2002) (acknowledging that criminal defendants can forward partial defenses, such as provocation and limited mental capacity, to show that their particular conduct was of a lower culpability than the charged offense).

3

The issue is now more crystalized as the government's evidence nears its close. Mr. Ji should be allowed to present an affirmative defense to the act of purchasing and sending the background reports to Mr. Xu. To that end, no evidence was submitted that suggests that the background reports were in any way restricted from being purchased in China—this is despite the language in the indictment which would tend to suggest otherwise. Next, there is no evidence that these items were non-commercial or purchased illegally. Finally, by carefully limiting this defense merely to the background reports, there would be absolutely no potential for spillover. The jury could be instructed that, as to the purchase and transfer of the background reports, Mr. Ji has alleged that this conduct falls within the legal commercial transaction exception—and nothing else.[1] This would eliminate any possibility that the jury could mistakenly believe that the defense would be applicable to any other of the alleged acts Mr. Ji is alleged to have taken at the direction of China.

In summary, and for all of the reasons argued here and in Mr. Ji's initial response, precluding him from presenting the lawful commercial transaction defense would work a serious injustice. It would prove fundamentally unfair, and most significantly, it would deny him his constitutional right to present a defense.

Mr. Ji, through counsel, requests that the Court deny the government's motion *in limine*.

---

[1] Which is not at all to concede the claim that proof, instructions, or arguments relying upon a separate alleged qualifying act for count two would constitute a constructive amendment of the indictment.

Respectfully submitted,

<u>s/ Damon M. Cheronis</u>
**Damon M. Cheronis**

<u>s/ Ryan J. Levitt</u>
**Ryan J. Levitt**

<u>s/ Christopher V. Parente</u>
**Christopher V. Parente,**
Attorneys for Defendant.

**Cheronis, Parente & Levitt LLC**
140 S. Dearborn Street Suite 404
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com
cparente@cheronislaw.com

5

**CERTIFICATE OF SERVICE**

I, Damon M. Cheronis, hereby certify that on September 21, 2022, I electronically filed the foregoing **Supplement** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Cheronis, Parente & Levitt LLC
140 South Dearborn Street, Ste. 404
Chicago, Illinois 60603
damon@cheronislaw.com
