**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

**SEP 26 2022**

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| **USA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No.  18 CR 611** |
| | ) | |
| **Ji Chaoqun** | ) | |
| | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Defendant.** | ) | |

**JURY INSTRUCTIONS**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charge against the defendant is in a document called a superseding indictment. You will have a copy of the superseding indictment during your deliberations.

The superseding indictment in this case charges the defendant with conspiracy to commit an offense against the United States, namely to knowingly act in the United States as an agent of the People's Republic of China without prior notification to the Attorney General; acting in the United States as an agent of the People's Republic of China without prior notification to the Attorney General; wire fraud; and willfully making false and fictitious statements to the United States Department of the Army. The defendant has pled not guilty to the charges.

The superseding indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

10

It is proper for an attorney to interview any witness in preparation for trial.

You have heard testimony and received evidence that the defendant made statements to the FBI. You must decide whether the defendant actually made the statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statements may have been made.

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

You have heard witnesses, namely, Joe McReynolds and James Olson who gave opinions and testimony regarding the Chinese Ministry of State Security. You do not have to accept the witnesses' opinions. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how each reached his conclusions, and the factors I have described for determining the believability of testimony.

You have heard recorded conversations and seen video recordings. This is evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. As to English-language recordings, the recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

As to the Mandarin-language recordings, the rules are different. You were also given English transcripts of those recordings. As to these Mandarin-language recordings, however, it is the English translations, not the recordings themselves, that are the evidence of what was said and who said it. These translations will be taken back to the jury room, along with the other exhibits in evidence. In considering these recordings, you must rely on the English translations and may not rely on any personal knowledge you may have for the Mandarin language. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcripts.

Certain summaries were admitted in evidence. You may use those summaries as evidence. The underlying evidence has also been admitted so that you may determine whether the summaries are accurate. It is up to you to decide how much weight to give to the summaries.

Certain charts were shown to you to help explain other evidence that was admitted, specifically Exhibits 2200 (map of China), 2700 (blank USCIS I-765 form), 2703 (image of a circuit board), and 2704 (chart of the structure of the Chinese government). These charts are not themselves evidence or proof of any facts, so you will not have these particular charts during your deliberations.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You have heard evidence obtained from the government's use of an undercover agent. The government is permitted to use this investigative technique. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

The superseding indictment charges that the crimes happened "on or about" particular dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on the exact dates.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Count One of the superseding indictment charges the defendant with conspiracy. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.　　　　The conspiracy as charged in Count One existed;

2.　　　　The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.　　　　One of the conspirators committed an overt act in an effort to advance the goal of the conspiracy.

An overt act is any act done to carry out the goal of the conspiracy. The government is not required to prove all of the overt acts charged in the superseding indictment. The overt act may itself be a lawful act.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

The conspiracy must include at least one member other than the defendant who, at the time, was not a United States government agent or a law enforcement officer.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Count Two of the superseding indictment charges the defendant with acting as an agent of a foreign government without prior notice to the Attorney General. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant committed some act in the United States as an agent of a foreign government or official, specifically the People's Republic of China; and

2.      The defendant failed to notify the Attorney General that he would be acting in the United States as an agent of the government or an official of the People's Republic of China prior to so acting; and

3.      The defendant acted knowingly.


The term "foreign government" includes the People's Republic of China.

The term "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official.


To be an "agent of a foreign government," a person must do more than act in parallel with a foreign government's interests or pursue a mutual goal. Simply acting in accordance with foreign interests does not make a person an agent of a foreign government. The defendant must be acting at the direction or control of a foreign government or official, but he need not be an employee of the foreign government.

To find the defendant guilty of this offense, you must find that the defendant knew that he was acting as an agent of the government or an official of the People's Republic of China and knew that he had not provided prior notification to the Attorney General. It is not necessary, however, for the government to prove that the defendant knew that he was required to provide notification to the Attorney General.

26

Counts Three and Four of the superseding indictment charges the defendant with wire fraud. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1.        That the defendant knowingly devised or participated in a scheme to defraud, as described in Counts Three and Four; and

2.        That the defendant did so with the intent to defraud; and

3.        The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4.        That for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communication to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

27

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that is intended to deceive or cheat another and to obtain money by means of materially false or fraudulent pretenses, representations or promises. The loss of money must be more than an incidental part of the scheme

A scheme to defraud must do more than cause the United States Department of the Army to enter into a transaction it otherwise would have avoided. The scheme must depend for its completion on a misrepresentation of an essential element of the bargain.

A materially false or fraudulent pretense, representation, or promise may be accomplished by the concealment of material information.

28

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promise charged in the portion of the superseding indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

29

A false or fraudulent pretense, representation, or promise, or concealment is "material" if it is capable of influencing the decision of the person, or the United States Department of the Army, to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by person or the Army, as long as it is capable of doing so.

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money to the defendant or another.

The wire fraud statute can be violated whether or not there is any gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

Wire transfer of funds constitute transmission by means of wire communication.

The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to cause interstate wire communications to take place, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use the interstate communication facilities.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

In connection with whether a wire transmission was made, you may consider evidence of the habit or the routine practice of the organization.

34

Count Five of the superseding indictment charges the defendant with making a false, fictitious or fraudulent statement or representation. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1.      The defendant made a statement or representation; and

2.      The statement was false; fictitious; or fraudulent; and

3.      The statement or representation was material; and

4.      The defendant acted knowingly and willfully; and

5.      The defendant made the statement or representation in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A statement or representation is false or fictitious if it was untrue when made.

A statement or representation is fraudulent if it is made with intent to deceive.

A statement is "material" if it is capable of influencing the actions of the United States Department of the Army. The government is not required to prove that the statement actually influenced the actions of the United States Department of the Army.

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

The United States Department of the Army is a part of the executive branch of the government of the United States. Statements or representations concerning SF-86 forms are within the jurisdiction of that branch.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, smartphone, iPhone, blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JI CHAOQUN

No. 18 CR 611

Judge Ronald A. Guzman

## **VERDICT**

With respect to Count One of the superseding indictment, we, the jury, find as follows as to defendant Ji Chaoqun:

NOT GUILTY ☐               GUILTY          ☐

_____               _____

FOREPERSON

_____               _____

_____               _____

_____               _____

_____               _____

_____               _____

With respect to Count Two of the superseding indictment, we, the jury, find as

44

follows as to defendant Ji Chaoqun:

NOT GUILTY ☐          GUILTY          ☐

_____          _____

FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

With respect to Count Three of the superseding indictment, we, the jury, find as follows as to defendant Ji Chaoqun:

NOT GUILTY ☐            GUILTY            ☐

_____

FOREPERSON

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

46

With respect to Count Four of the superseding indictment, we, the jury, find as follows as to defendant Ji Chaoqun:

NOT GUILTY ☐          GUILTY          ☐


_____          _____

FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

47

With respect to Count Five of the superseding indictment, we, the jury, find as follows as to defendant Ji Chaoqun:

NOT GUILTY □                    GUILTY             □


_____            _____

FOREPERSON

_____            _____


_____            _____


_____            _____


_____            _____


_____            _____